## WILLIAM C. GARDNER *vs.* CITY OF LOWELL.

Middlesex.    March 4, 1915. — May 20, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Civil Service. Election. Lowell. Words,* "Office," "Charges," "Reasons."

The provision of St. 1911, c. 624, that every person "appointed to an office classi-
fied under the civil service rules of the Commonwealth," with certain excep-
tions, "who is removed therefrom, lowered in rank or compensation, or
suspended, or, without his consent, transferred from such office or employment
to any other," after a public hearing under St. 1904, c. 314, § 2, may file a peti-
tion for a review in the police, district or municipal court in the judicial dis-
trict where he resides, whereupon "the decision of said police, district or
municipal court shall be final and conclusive upon the parties," applies to all
persons holding positions classified under the civil service as offices, and there-
fore clearly includes the indefinite suspension by the commissioner of streets
and highways of Lowell of a foreman of laborers in the street department of that
city, the position of such a foreman being so classified.

The reason assigned for the indefinite suspension of such a foreman, that the posi-
tion held by him was not necessary and that in a more economical administra-
tion of the departments its duties could be transferred to others, is a "just cause"
for removal or suspension within the contemplation of St. 1904, c. 314.

Where a foreman suspended for this cause filed under St. 1911, c. 624, a petition
for a review in the police court having jurisdiction and after a hearing that
court affirmed the order of the commissioner, the foreman, having elected to
accept the relief afforded by that statute, is bound by the decision, and, in an
action afterwards brought by him against the city, cannot be allowed to show
that he was suspended by the commissioner not in good faith on the ground of
economy but from political and personal motives, the good faith of the com-
missioner in alleging the ground of suspension being a matter of fact deter-
mined by the decision of the police court.

Under the provisions of the charter of the city of Lowell contained in St. 1911,
c. 645, §§ 22, 38, 41, and under R. L. c. 35, § 11, the commissioner of streets
and highways of that city properly may keep in the safe in his office a copy of
the papers relating to the removal or suspension of a subordinate in his depart-
ment, and also properly may cause such papers temporarily to be removed to a
police court for the purposes of the hearing of a petition of such subordinate
under St. 1911, c. 624, for a review of the order for his removal or suspension,
these acts of the commissioner showing not a violation of but a compliance
with the requirement of St. 1904, c. 314, § 2, that in case of such a suspension
or removal "a copy of such reasons, notice and answer and of the order of
removal, suspension or transfer shall be made a matter of public record."

CONTRACT against the city of Lowell to recover the amount of
money that the plaintiff would have earned as a foreman of
laborers of the street department of the defendant from July 21,

1914, to the date of the writ, if he had not been suspended from his position in the manner stated in the opinion. Writ dated July 21, 1914.

In the Superior Court the case was tried before *McLaughlin, J.* The evidence offered by the plaintiff and excluded by the judge is described in the opinion. The judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

St. 1904, c. 314, entitled "An Act to regulate removals and suspensions from office and employment in the classified civil service," is as follows:

"Section 1. Every person holding office or employment in the public service of the Commonwealth or in any county, city or town thereof, classified under the civil service rules of the Commonwealth, shall hold such office or employment and shall not be removed therefrom, lowered in rank or compensation, or suspended, or, without his consent, transferred from such office or employment to any other except for just cause and for reasons specifically given in writing.

"Section 2. The person sought to be removed, suspended, lowered or transferred shall be notified of the proposed action and shall be furnished with a copy of the reasons required to be given by section one, and shall, if he so requests in writing, be given a public hearing, and be allowed to answer the charges preferred against him either personally or by counsel. A copy of such reasons, notice and answer and of the order of removal, suspension or transfer shall be made a matter of public record."

St. 1911, c. 624, entitled "An Act relative to removals, suspensions and transfers in the civil service," is as follows:

"Section 1. Every person now holding or hereafter appointed to an office classified under the civil service rules of the Commonwealth, except members of the police department of the city of Boston, of the police department of the metropolitan park commission, and except members of the district police, whether appointed for a definite or stated term, or otherwise, who is removed therefrom, lowered in rank or compensation, or suspended, or, without his consent, transferred from such office or employment to any other, may, after a public hearing, as provided for by section two of chapter three hundred and fourteen of the acts of the year nineteen hundred and four, as amended by chapter two

hundred and forty-three of the acts of the year nineteen hundred and five, and within ten days after such hearing, bring a petition in the police, district or municipal court within the judicial district where such person resides, addressed to the justice of the court and praying that the action of the officer or board in removing, suspending, lowering or transferring him may be reviewed by the court, and after such notice to such officer or board as the court may think necessary, it shall review the action of said officer or board, and hear the witnesses, and shall affirm said order unless it shall appear that said order was made by said officer or board without proper cause or in bad faith, in which case said order shall be reversed and the petitioner be reinstated in his office. The decision of the justice of said police, district or municipal court shall be final and conclusive upon the parties.

"Section 2. This act shall take effect upon its passage."

*S. E. Qua,* (*F. M. Qua* with him,) for the plaintiff.

*W. D. Regan,* for the defendant.

RUGG, C. J. The plaintiff seeks to recover from the defendant in an action of contract for alleged services rendered after January 5, 1914. Theretofore the plaintiff was foreman of laborers in the street department of the defendant. On that day one Morse, as commissioner of streets and highways, took charge of that department and gave notice to the plaintiff of his intent to suspend him indefinitely on the ground that the position held by him was not necessary and that in a more economical administration of the department its duties could be transferred to others, and that he was entitled to a hearing in accordance with St. 1904, c. 314, § 2, as amended by St. 1905, c. 243. The plaintiff requested a hearing, which was had before Morse on January 14, 1914, and he was indefinitely suspended. Thereafter the plaintiff filed a petition in the Police Court of Lowell under St. 1911, c. 624, for a review of the action of Morse in suspending him, and after a hearing that court affirmed the order of the commissioner. At the trial of this action in the Superior Court, the plaintiff offered to show that he was not removed in good faith on the ground of economy but from political and personal motives. This and other evidence later to be narrated was excluded and it was ruled that the proceedings in the Police Court constituted a defence. A verdict for the defendant was ordered. Exceptions to these rulings bring the case here.

1. The plaintiff contends that St. 1911, c. 624, does not apply to his removal because, as he contends, he held no public office and that statute relates only to officers. This contention cannot be supported. That statute enacts that every person "appointed to an office classified under the civil service rules of the Commonwealth," with exceptions not here material, "who is removed therefrom, lowered in rank or compensation, or suspended, or, without his consent, transferred from such office or employment to any other," may have a hearing. The meaning of this provision, although not expressed with the utmost clearness, is not difficult to determine. It is not confined in its operation to those who hold office as distinguished from employment, but it includes all those who hold positions classified under the civil service as officers. This is the natural import of the words used. The use of "employment" in connection with "office" in the latter part of the clause above quoted confirms the view that the classification as office or otherwise under the civil service rules is the decisive test. The distinction between an office and an employment as matter of law is often a difficult one to make, and may depend upon circumstances of some nicety. The classification in the civil service, while perhaps not always legally accurate, usually is certain and easy of ascertainment. By resort to it as a standard, there commonly would be no doubt as to the course to be followed. It is plain in the case at bar that the position held by the plaintiff was classified in "The official service." Hence he had a right to a hearing under St. 1911, c. 624.

2. This is the kind of a cause for removal or suspension which is comprehended within St. 1904, c. 314. The person affected is entitled to be given a copy of the "reasons" specifically setting out a "just cause" for his removal. "Charges" as used in § 2 of that act includes not only the specifications of inefficiency or misconduct, if any, which may be the basis of the action complained of, but also other "reasons" which may not involve any criticism of the person removed or suspended. A judicial review both of the fact and the good faith of the officer or board, where the reason alleged is the abolition of an unnecessary position, may be a most important protection to the tenure and efficiency of the civil service.

3. Having exercised his right to have the action of Morse re-

viewed by the court, the plaintiff has elected to accept the relief afforded thereby. The final clause of § 1 of St. 1911, c. 624, is, "The decision of the justice of said police, district or municipal court shall be final and conclusive upon the parties." The correctness of the conclusion of the Police Court of Lowell, as to all matters rightly in issue before it, is not open to review in this action. *Barnes* v. *Mayor of Chicopee*, 213 Mass. 1.

4. The good faith of Morse in alleging that the suspension was made on the ground of economy and because the department did not require the services of a foreman, was a fact to be determined by the Police Court and is not subject to review in this action. The abolition of an unnecessary position made in good faith plainly is the duty of an executive or administrative officer. One holding such a position, though efficient in the performance of his duties, may be removed simply because the position is no longer necessary, provided the removal is made in good faith, and the recital of that reason is not made the cover for some other unjustifiable motive. *Garvey* v. *Lowell*, 199 Mass. 47, 49.

5. The plaintiff offered to show that soon after his suspension an unattested copy of the papers connected with his removal or suspension was placed in a safe in the office of the department of streets and highways and kept there until a short time before the hearing in the Police Court, when they were removed. A brief memorandum of the steps in the matter also was kept there. But no copies were filed with the city clerk. This evidence was excluded. It is contended it was admissible as showing a failure to conform to the requirement of the statute to the effect that "a copy of such reasons, notice and answer and of the order of removal, suspension or transfer shall be made a matter of public record." St. 1904, c. 314, § 2, as amended by St. 1905, c. 243. The proffered evidence showed a compliance with the statute. Under the city charter of Lowell, St. 1911, c. 645, the department of streets and highways is one of the five departments into which the administration of all the affairs of the city is divided. § 38. Morse as commissioner was in charge of that department. § 22. He was the administrative head of the department and had general power to "suspend, remove, or discharge all subordinate officers and employees" in that department. § 41. He therefore

was the "sole officer in charge of a department," under R. L.
c. 35, § 11, and charged with the custody of "any public records
in such department." The removal or discharge of a subordinate,
since it must be a matter of public record, was in that department.
The method of keeping it was not illegal as shown by the proffer
of evidence. There was nothing to show that the removal of the
copies from the safe was anything more than temporary or inci-
dental to the judicial inquiry. No harm was done by the exclu-
sion of the evidence. It is not necessary to consider whether it
also rightly was excluded on other grounds.

*Exceptions overruled.*