CAROLINE A. DOWNEY *vs.* SCHOOL COMMITTEE OF LOWELL.

Middlesex.   October 6, 1939. — February 28, 1940.

Present: FIELD, C.J., LUMMUS, QUA, & COX, JJ.

*School and School Committee.*

It was not a violation of § 42 of G. L. (Ter. Ed.) c. 71, as amended by St. 1934, c. 123, for a school committee, without observing the conditions therein described, upon the closing of a grammar school to assign its principal, who was on tenure at discretion, to duty as a grade teacher in another school.

After a grammar school principal on tenure at discretion, upon her school being closed, had been assigned to duty as a grade, teacher in another school and had served as such without reduction of her salary for a short time, during which period she was the only grammar school principal without a school in which to act as principal, a reduction of her salary to that of a grade teacher by the school committee acting in good faith was not a violation of § 43 of G. L. (Ter. Ed.) c. 71.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on July 23, 1938, for a writ of mandamus.

The case was heard by *Dolan*, J.

*J. J. Bruin*, (*H. F. Downey* with him,) for the petitioner.

*W. J. White, Jr.*, City Solicitor, for the respondents.

LUMMUS, J.    This is a petition by a school teacher of Lowell for a writ of mandamus to require the school committee to restore her to the rank and salary of principal of a grammar school.    A single justice found the facts to be as stated in the report of an auditor, and ordered the petition dismissed, but not on the ground of discretion.    The petitioner excepted to this order.

The petitioner was elected principal of the Edson grammar school in 1929, after long service as a teacher.    She served as principal at a salary of $3,600 until, in June, 1937, the Edson grammar school was closed in the interest of municipal economy. . She was serving "at . . . discretion" within the meaning of G. L. (Ter. Ed.) c. 71, § 41. *Frye* v. *School Committee of Leicester*, 300 Mass. 537.    Under § 43 her salary could not be reduced without her consent "except by a general salary revision affecting equally all teachers of the same salary grade in the town."    Under § 42, as amended by St. 1934, c. 123, she could not be dismissed, except for misconduct, without notice, statement of causes, advice of the superintendent, and hearing.

At the reopening of the schools in September, 1937, after the summer vacation, the petitioner, though elected as a principal, was assigned by the superintendent to duty as a grade teacher in the Colburn school, under the principal of that school.    She continued to receive the pay of a principal until the beginning of 1938, when by vote of the school committee her pay was reduced to that of a grade teacher,

$1,700 a year. She was the only grammar school principal without a school in which to act as principal. Various members of the school committee told her informally that when a vacancy occurred in a grammar school principalship she should have the place. But when in 1938 two such vacancies occurred, other persons were chosen to fill them.

"A principal is merely a teacher who is entrusted with special duties of direction or management. *Boody* v. *School Committee of Barnstable*, 276 Mass. 134." *McDevitt* v. *School Committee of Malden*, 298 Mass. 213, 214. A school committee has "power to change by a majority vote the duties of teachers on tenure at discretion and to assign them to new duties." *Ibid.* There was no violation of G. L. (Ter. Ed.) c. 71, § 42, as amended by St. 1934, c. 123, in what was done, for the petitioner was not "dismissed" but was continued as a teacher. The "dismissal" contemplated by that statute is a complete separation from the schools, and not a mere change in rank or duty. *Boody* v. *School Committee of Barnstable*, 276 Mass. 134, 138. *Commissioner of Labor & Industries* v. *Downey*, 290 Mass. 432, 434. *McDevitt* v. *School Committee of Malden*, 298 Mass. 213, 214.

By G. L. (Ter. Ed.) c. 71, § 43, the salary of the petitioner could not be reduced without her consent "except by a general salary revision affecting equally all teachers of the same salary grade in the town." The fact that the petitioner was chosen as a grammar school principal, and was paid the same salary as other such principals, does not show that she was in the "same salary grade" as the others after her school was closed and theirs were left open. She was not entitled to be classed with them as to salary after that marked change in situation occurred. After that change, she was the only person in her "salary grade," and the section cited afforded her no protection. *Sweeney* v. *School Committee of Revere*, 249 Mass. 525, 531. *Paquette* v. *Fall River*, 278 Mass. 172, 176, 177.

We assume without deciding that the employment of the petitioner by the school committee "to serve at its discretion" prevented a reduction in salary made in bad faith

for purposes of punishment or favoritism, even though the specific provisions of § 43 did not apply. *Sweeney* v. *School Committee of Revere*, 249 Mass. 525. *Toothaker* v. *School Committee of Rockland*, 256 Mass. 584, 592. *Sheldon* v. *School Committee of Hopedale*, 276 Mass. 230, 236. *Paquette* v. *Fall River*, 278 Mass. 172, 174. See also *Rinaldo* v. *School Committee of Revere*, 294 Mass. 167, 169; *McKenna* v. *White*, 287 Mass. 495. But there is nothing to show any want of good faith in the reduction. The single justice found that that action was taken in good faith. The finding of the auditor that the failure to restore the petitioner to a principalship when a vacancy later occurred was "inconsiderate" and "governed and directed by controlling political considerations resulting from concerted action by an apparent group of the committee, swapping favors or paying political debts, in careless disregard of previous assurances given by them or their predecessors," does not entitle the petitioner to relief in this court by vacating the action of the school committee and awarding her the principalship of some grammar school. Where no law has been violated, and no statute has made good faith essential to valid action, acts of administrative officers cannot be attacked in judicial proceedings on the ground that in fact those officers were not governed by the highest standards of impartial and unselfish performance of public duty.

*Exceptions overruled.*