VINCENT M. McCARTIN *vs.* SCHOOL COMMITTEE OF LOWELL & another (and a companion case [1]).

Middlesex.    December 3, 1946, March 30, 1948. — April 28, 1948.

Present: LUMMUS, DOLAN, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*School and School Committee. Mandamus. Equity Pleading and Practice,* Intervening petition. *Words,* "Teacher," "Superintendent."

Mandamus is not an appropriate remedy for the recovery of salary due to a municipal employee for the period between an invalid removal of him from his position and his subsequent reinstatement therein.

It was proper to dismiss a mandamus proceeding to compel the petitioner's reinstatement in a municipal position following an invalid

---

[1] The companion case is a similar petition brought by Raymond A. Sullivan against the same respondents.

removal therefrom, where it appeared that, while the petition was pending, he had been reinstated by action of the appropriate officers.

Action of a school committee demoting the superintendent of schools, serving at discretion, to the position of a teacher was a dismissal of him within G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, and was invalid for want of the notice and hearing required by that statute.

Action of a school committee in 1944 demoting a high school principal, serving at discretion, to the position of a teacher was not a dismissal of him within G. L. (Ter. Ed.) c. 71, § 42, as appearing in St. 1934, c. 123, and was not invalid for want of the notice and hearing required by that statute.

A reduction in the salary of one serving at discretion in public schools, made without his consent by a vote of the school committee whereby he was demoted from the position of high school principal to the position of a teacher, was invalid under G. L. (Ter. Ed.) c. 71, § 43, where, although he was the only person holding the office of high school principal, no change in the salary attached to that office was made by the vote.

An exception to the denial of a petition for leave to intervene in a suit in equity must be overruled where it appeared that the result of the case reached by this court would not have been different had the petition been allowed.

PETITIONS, filed in the Superior Court on May 18 and May 26, 1944, respectively, and later amended as described in the opinion.

The cases were heard by *Cabot*, J.

In this court, the cases were argued in December, 1946, before *Field*, C.J., *Lummus, Dolan, & Ronan*, JJ., and, after the retirement of *Field*, C. J., were submitted on briefs to all the Justices then constituting the court except *Qua*, C.J.

*J. M. Russell*, for the petitioner McCartin.

*F. M. Qua*, for the petitioner Sullivan.

*W. F. Howard*, for the interveners and for the respondents.

LUMMUS, J.. These cases began as petitions for writs of mandamus to restore the petitioners to the positions they held in the school department of Lowell prior to a vote .of the school committee on May 5, 1944, which purported to. "demote" them. The cases were referred to an auditor who reported thereon. Thereafter on February 8, 1945, the petitioners were by vote of the school committee restored to the positions which they held prior to the vote of May 5, 1944. Following the later vote the petitions for writs of mandamus

were amended by the addition of prayers for declaratory decrees under St. 1945, c. 582, § 1, which inserted in the General Laws a new chapter, 231A. Under that chapter the Superior Court has power to "make binding declarations of right, duty, status and other legal relations."

The cases were heard by the judge upon the report of the auditor which, after the amendment of the petitions, was apparently treated by the parties and the judge as though it were that of a master, and also upon the pleadings and the facts contained in a stipulation of the parties. Without approving the practice of not appointing the auditor as master after the petitions were amended into equity, we treat his report as the parties and the judge have treated it. *Chapman* v. *Chapman*, 224 Mass. 427, 428, 429. See also *Arthur A. Johnson Corp.* v. *Commonwealth*, 306 Mass. 347, 352.

The pertinent facts may be summed up as follows. The city of Lowell is governed by a Plan E charter under G. L. (Ter. Ed.) c. 43, as amended by St. 1938, c. 378. See *Moore* v. *Election Commissioners of Cambridge*, 309 Mass. 303, 307. Up to May 5, 1944, both petitioners were serving "at discretion" under G. L. (Ter. Ed.) c. 71, § 41. *Nester* v. *School Committee of Fall River*, 318 Mass. 538. They could not lawfully be "dismissed" without compliance with G. L. (Ter. Ed.) c. 71, § 42, as it appears in St. 1934, c. 123, the terms of which were not complied with because there had been no notice or hearing as required by that statute. If the purported demotion of either of them was in law a dismissal, it was invalid. On May 5, 1944, the school committee, consisting of seven members, by a vote of four of them, the other three having left the meeting, purported to demote the petitioner McCartin, who had been superintendent of schools at an annual salary of $7,000, to the rank of teacher in the high school at an annual salary of $2,900, and to promote to his place one James F. Conway, who had been submaster in the high school. The same vote purported to demote the petitioner Sullivan, who had been principal of the high school at an annual salary of $5,000, to the rank of teacher in the high school at an annual salary of

$2,900, and to promote to his place and salary one Joseph G. Pyne, previously a master in the high school.   McCartin refused to serve as a teacher, and received no pay from the time of his purported demotion until his restoration under the vote of February 8, 1945.   But Sullivan served as teacher from September, 1944, and received pay as such.

No question now arises as to the propriety of the denial of the petitions, so far as they prayed for writs of mandamus. Mandamus is not an appropriate remedy for the recovery of salary due the petitioners before their reinstatement. *Henderson* v. *Mayor of Medford*, 320 Mass. 663, 668.   The petitioners, having been reinstated, could no longer profit from the issuance of writs of mandamus, and the decrees, so far as they denied the petitions for writs of mandamus, are affirmed.

The judge entered decrees declaring as to each petitioner that the purported demotion of May 5, 1944, was valid and effective, and that each petitioner holds his position only by virtue of the vote of reinstatement of February 8, 1945, and has no right to the salary of that position between May 5, 1944, and February 8, 1945.   The petitioners severally appealed.

In our opinion the purported demotion of McCartin, the superintendent of schools, to the rank of teacher, was a dismissal, and was invalid.   The statutes contrast the words "teacher" and "superintendent" (G. L. [Ter. Ed.] c. 71, §§ 41, 42, 43), and a transfer of a person from one category to the other dismisses him from the position from which he is transferred, even though he is given a different position within the school department.   The case is not governed by *Downey* v. *School Committee of Lowell*, 305 Mass. 329, in which both the old position and the new one were within the category of "teacher."   Though the definition of "teacher" in G. L. (Ter. Ed.) c. 32, § 6, as revised by St. 1938, c. 444, § 1, is broad enough to include a superintendent, it has no application to the present case, for its application is limited to c. 32 of the General Laws.   The decree in the case of McCartin, declaring that his tenure of office dates only from February 8, 1945, must be reversed.

The case of Sullivan is different. As principal of the high school he was only a superior sort of teacher. When demoted to a lower teaching position he still remained a teacher, and was not separated from the teaching force. Therefore he was not "dismissed," and G. L. (Ter. Ed.) c. 71, § 42, as it appears in St. 1934, c. 123, did not invalidate the vote of the school committee of May 5, 1944, although there was no more notice or hearing in his case than there was in the case of McCartin.[1]  *Boody* v. *School Committee of Barnstable*, 276 Mass. 134.  *McDevitt* v. *School Committee of Malden*, 298 Mass. 213.  *Downey* v. *School Committee of Lowell*, 305 Mass. 329.

But by G. L. (Ter. Ed.) c. 71, § 43, it was provided that "The salary of no teacher employed in any town except Boston to serve at discretion shall be reduced without his consent except by a general salary revision affecting equally all teachers of the same salary grade in the town." It is true that since Sullivan was the only person holding the position of principal of the high school, a revision of the salary of that office would have been sufficiently a "general salary revision" to be valid under that section. *Sweeney* v. *School Committee of Revere*, 249 Mass. 525, 531.  *Downey* v. *School Committee of Lowell*, 305 Mass. 329, 331. But in the present case the vote of May 5, 1944, did not revise at all the salary attached to the position of principal of the high school. After that vote the salary of the principal was $5,000, just as it had been before. By that vote, the incumbent was changed, but the salary remained the same. That vote purported to reduce the salary of Sullivan to $2,900 without his consent, and without any reduction of the salary attached to the office of principal of the high school. Consequently the reduction was invalid under the statute. A reduction of his salary could have been validly effected only by a "general salary revision," and here there was none.

James F. Conway and Joseph G. Pyne, teachers claiming to be benefited by the vote of the school committee of May 5,

---

[1] The present cases arose before the enactment of St. 1945, c. 330, applicable to demotions of principals, which inserted § 42A in c. 71 of the General Laws.

1944, petitioned to be allowed to intervene in support of the validity of that vote, and excepted to the denial of their petitions. The result to which we have come could not have been changed in their favor had they been allowed to intervene. Consequently their exceptions must be overruled.

The exceptions of the intervening petitioners Conway and Pyne are overruled. The decrees declaring the rights of McCartin and Sullivan are reversed. In the case of McCartin, a new decree is to be entered, declaring that he still holds the office of superintendent of schools just as he did prior to the vote of May 5, 1944, that his tenure was not affected by that vote, and that he is entitled to his salary at the rate of $7,000 a year from that date to the date of the final decree, less any sums paid to him as salary in the meantime. In the case of Sullivan, a new decree is to be entered, declaring that he is entitled to receive salary at the rate of $5,000 a year to the date of the final decree, as though the vote of May 5, 1944, had never been passed, less any sums paid to him as salary in the meantime.

*So ordered.*