GENEVIEVE E. JANTZEN *vs.* SCHOOL COMMITTEE OF CHELMSFORD.

Middlesex. November 1, 1954. — February 4, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*School and School Committee. Administrative Matter. Mandamus.*

Upon the closing of a grammar school by lawful vote of a school committee, one who had served as principal of that school for more than three years was not entitled to be appointed principal of a new and much larger grammar school then opened in the town. [177]

A petition for a writ of mandamus to compel a school committee to comply with the requirements of G. L. (Ter. Ed.) c. 71, § 42A, inserted by St. 1945, c. 330, by granting the petitioner a hearing upon her alleged "demotion" by the committee from the position of principal of a grammar school, which she had held for more than three years, to a teaching position in another grammar school without reduction of salary was rightly dismissed as matter of discretion where it appeared that the committee's lawful closing of the school of which the petitioner had been principal was the cause of her losing her position as principal and that even if the petitioner had had a technical right to a hearing it would have been futile. [178]

PETITION, filed in the Superior Court on June 19, 1953.

The case was heard by *Brogna,* J.

*Warren W. Allgrove,* for the petitioner.

*John H. Valentine,* Town Counsel, for the respondents.

QUA, C.J.   The petitioner prays for a writ of mandamus ordering the respondents (1) to grant her a hearing in compliance with G. L. (Ter. Ed.) c. 71, § 42A, inserted by St. 1945, c. 330,[1] (2) to recognize her as the principal of the new Groton Road Grammar School, and (3) to refrain from "demoting" her under their vote of April 13, 1953.   The trial judge dismissed the petition "as matter of discretion." The case is here by appeal with the findings of the judge and the evidence.   G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4.

The facts do not appear to be in dispute.   Prior to April 13, 1953, the petitioner had for more than three years been principal of the North Chelmsford Princeton Street Grammar School.   On that day the committee voted to close that school and the Quessy School in West Chelmsford and to transfer all teaching personnel attached to those schools to positions in the new school then being built on Groton Road or to other positions in the school system.   They also voted that since the opening of the new school would have the effect of abolishing the principalship in the Princeton Street School, the petitioner be assigned to teach in the new school "in the grade most suitable to her with no reduction in salary, effective as of the beginning of the school year 1953–1954."   No notice of this intended vote was given to the petitioner, no written charge was made against her, and the committee denied her request for a hearing.

At the beginning of the following school year, in accordance with this vote, the teachers and pupils of the Princeton Street School and of the Quessy School were transferred to the new school on Groton Road.   The petitioner is teaching there in the eighth or highest grade.   Both of the old schools have been closed.   The Princeton Street School had eight grades in eight rooms, with seven teachers besides the petitioner.   The new school has eight grades in eighteen

---

[1] The amendment by St. 1953, c. 269, does not affect this case.

rooms. It has more than twice the number of pupils that formerly attended the petitioner's school and more than twice as many teachers. It is about half a mile away. A man principal from another part of the town was made principal of the new school.

General Laws (Ter. Ed.) c. 71, § 42A, provides in part that no principal who has served in that position for over three years "shall without his consent be demoted except for inefficiency, incapacity, unbecoming conduct, insubordination or other good cause." The section contains provisions for notice, "written charge or charges of the cause or causes for which his demotion is proposed," and for a hearing on request.

The respondents do not now find fault of any kind and so far as appears have never found any fault with the petitioner or her work. Their position is simply that the Princeton Street School has ceased to exist. There can be no question that this is the fact. The petitioner's own testimony shows it.

We assume in favor of the petitioner, but without deciding, that the petitioner's transfer from the principalship of the Princeton Street School to a teaching position in the new school without loss of pay was a "demotion" within the meaning of that word in § 42A. We also assume in the petitioner's favor, but still without deciding, that the proposal for discontinuance of the petitioner's school required a "charge" of a "cause" for demotion upon which a hearing could be had. See *Gardner* v. *Lowell*, 221 Mass. 150, 153.

Even with these assumptions in the petitioner's favor we are unable to see how any effective relief can be given her. She may have had a technical right to notice and a hearing, but she had no right to be appointed principal of the new school. That was not the position she had previously held. It was a much more important and responsible position. See *Kelley* v. *School Committee of Watertown*, 330 Mass. 150, 152–153. It was the duty of the school committee in the

interest of the public to select the person for that position whom they judged best fitted for it.  If the petitioner had had a hearing it would not have been upon the question whether she should be appointed to the new school or to any other particular school.  In the last analysis it would have come down to the question whether the closing of her school, which was the cause of her losing her position, was a reality and not a pretence or sham.  That question has now been settled beyond any possible doubt.  The school committee unquestionably had power to close the Princeton Street School.  *Knowles* v. *Boston*, 12 Gray, 339.  *Morse* v. *Ashley*, 193 Mass. 294.  *Leonard* v. *School Committee of Springfield*, 241 Mass. 325, 329.  G. L. (Ter. Ed.) c. 71, § 37. The court cannot now order the school committee to install the petitioner as principal of some other school, even if one is available — a fact which does not appear.  *Downey* v. *School Committee of Lowell*, 305 Mass. 329, 332.

The court will not issue its writ to require a hearing which it can see must be futile.  The judgment dismissing the petition as matter of discretion must be affirmed.

*So ordered.*