MIRIAM B. KAPLAN *vs.* SCHOOL COMMITTEE OF
MELROSE & others.

Middlesex. December 7, 1972. — March 16, 1973.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*School and School Committee.*

After a school committee abolished the position of director of elementary art as part of a bona fide general reorganization of the school system, leaving the former incumbent of that position as the only person in her salary grade, her reassignment as a teacher at a reduced salary was not a salary reduction in violation of G. L. c. 71, § 43. [335–338]

BILL IN EQUITY filed in the Superior Court on July 30, 1971.

The suit was heard by *Connolly, J.*

*Jeffrey M. Freeman* (*Ira D. Feinberg* with him) for the plaintiff.

*Henry G. Stewart* for the School Committee of Melrose.

HENNESSEY, J.  This is a bill for declaratory relief under G. L. c. 231A.  After a trial in the Superior Court, a final decree was entered declaring in detail the rights of the parties and in substance declaring that the plaintiff was entitled to no relief.  The plaintiff appealed.

The plaintiff by her bill seeks reinstatement as director of elementary art in the Melrose public schools; seeks a determination with respect to the validity of a departmental reorganization within the Melrose public schools; and seeks to prevent the Melrose school committee from reducing her salary.  In her brief filed in this court, she now asks relief only against the reduction in salary.

The evidence is reported.  We summarize the facts from the evidence and from the judge's report of material facts.  The plaintiff commenced employment in the Melrose public schools in 1945 as a supervisor of art.  Her duties included overall supervision of the art program for grades one through eight.  She also taught art in grades one through six and supervised the teaching of art by the classroom teachers in grades one through six.  In approximately 1950 the plaintiff's title was changed to that of director of elementary art.  The only difference between her position as supervisor of art and director of elementary art was that she evaluated teachers and had more individuals in her department.  In 1956 she received a "Permanent Tenure Contract-Director of Elementary Art."  She continued to serve as director of elementary art from 1956 through 1970.  After 1956 her duties included supervising art for the kindergarten as well.  In 1961 the plaintiff stopped teaching as a classroom teacher and thereafter she performed only supervisory duties as director of elementary

art. In 1970 the school committee of the city of Melrose initiated a reorganization of the school system. The judge found that the committee in voting for the reorganization was acting in the interest of efficiency and economy. The reorganization in 1970 removed from the jurisdiction of the plaintiff grades seven and eight. The plaintiff inquired of the superintendent how this could affect her salary. He informed her that it was his intention that her salary remain the same. At that time her salary was $15,860 annually.

By letter dated April 6, 1971, the plaintiff was notified by the superintendent that her position as "Director of Elementary Art" and the position of "Coordinator of Art" in the secondary grades were abolished by vote of the school committee. This vote was to become effective at the end of the school year in 1971. By the same letter, the plaintiff was asked to become a candidate for a new position, "Director of Arts," which was to encompass the duties of the two positions abolished. No advance notice of the proposal to abolish her position was given to the plaintiff. The judge found that the action of the committee was not a subterfuge to remove the plaintiff from her position although it did in fact do so.

The plaintiff applied for the new position, "Director of Arts," and was interviewed by the school committee in connection with her application. However, she was notified by the superintendent on May 25, 1971, that another candidate had been elected to the position.

Thereafter, there was correspondence between the superintendent and the plaintiff in reference to her status, assignment and salary for the school year 1971–1972. The correspondence was to the effect that the superintendent recognized that the plaintiff had tenure in the system as a teacher and offered her a position as a teacher at the secondary level. The record does not indicate that any decision was reached by the plaintiff as to the acceptance by her of a teaching assignment in the system for the school year 1971–1972. The salary of the teaching position offered the plaintiff would be ap-

proximately $13,000 annually. Although the reorganization was extensive, in which four job titles were abolished and about seventeen people were affected by it, the only one on tenure who was adversely affected was the plaintiff. There was no question raised at any time during the reorganization or at the trial as to the competency of the plaintiff as a teacher or director of art.

1. Since we have before us a report of all of the evidence and findings of material facts, all questions of fact, law and discretion are now open. However, the judge's findings of fact will not be disturbed unless they are plainly wrong, since he was in a superior position to evaluate the oral testimony. *Willett* v. *Willett,* 333 Mass. 323, 324. *Cline* v. *A. A. Will Sand & Gravel Corp.* 346 Mass. 40, 42.

The judge's findings of fact here, far from being plainly wrong, are clearly supported by the evidence presented before him. Of particular importance are his conclusions that the school committee in voting for the reorganization was acting in the interest of efficiency and economy; that the action of the committee was not a subterfuge to remove the plaintiff from her position although it did in fact do so; and that the plaintiff was the only person in her salary grade after her position as director of elementary art was abolished. These findings are material to the conclusions which we have reached that the school committee here did not by arbitrary and discriminatory conduct (compare *McCartin* v. *School Comm. of Lowell,* 322 Mass. 624) deprive the plaintiff of the "considerable security as to tenure and compensation" to which she was entitled under G. L. c. 71, §§ 42, 42A, and 43. See *Caverno* v. *Fellows,* 286 Mass. 440, 442.

2. General Laws c. 71, § 42A, provides certain protections against demotions for principals and supervisors who have served as such for over three years.[1] General

---

[1] General Laws c. 71, § 42A, as appearing in St. 1953, c. 269, reads as follows: "No principal or supervisor or professional employee performing the duties of a principal or a supervisor, by whatever title

Laws c. 71, § 43, provides that the salary of no teacher employed to serve at discretion shall be reduced without his consent except by a general salary revision affecting equally all teachers of the same salary grade in the town.[2]

The plaintiff concedes that even though she was protected as to demotion by § 42A, the school committee was nevertheless entitled to abolish her position as director of art. See *Downey* v. *School Comm. of Lowell,* 305 Mass. 329; *Kelley* v. *School Comm. of Watertown,* 330 Mass. 150; *Jantzen* v. *School Comm. of Chelmsford,* 332 Mass. 175. Further, she concedes that the school committee need not have provided the hearing required by § 42A, since such a hearing would be futile. In this regard we said, in the *Jantzen* case, *supra,* at 177–178: "Even with these assumptions in the petitioner's favor [that the transfer from a principal's position to a teaching position was a 'demotion' within § 42A] we are unable to see how any effective relief can be given her. She may have had a technical right to notice and a hearing, but she had no right to be appointed principal of the new school. . . . The court will not issue its writ [of mandamus] to require a hearing which it can see must be futile." However, the plaintiff contends that, although the school committee had the power to abolish

---

his position may be known, who has served in that position for over three years shall without his consent be demoted except for inefficiency, incapacity, unbecoming conduct, insubordination or other good cause; nor unless, at least thirty days, exclusive of customary vacation periods, prior to the meeting at which the vote is to be taken, he shall have been notified of such intended vote; nor unless, if he so requests, he shall have been furnished by the committee with a written charge or charges of the cause or causes for which his demotion is proposed; nor unless, if he so requests, he has been given a hearing before the school committee, which may be either public or private at the discretion of the school committee, and at which he may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them; nor unless the charge or charges shall have been substantiated; nor unless the superintendent shall have given the committee his recommendations thereon."

[2] General Laws c. 71, § 43, reads in pertinent part as follows: "The salary of no teacher employed in any town except Boston to serve at discretion shall be reduced without his consent except by a general salary revision affecting equally all teachers of the same salary grade in the town."

her position without giving her a hearing, they were precluded by G. L. c. 71, § 43, from reducing her salary. She relies principally upon *McCartin* v. *School Comm. of Lowell*, 322 Mass. 624.

In the *McCartin* case the school committee demoted the principal of the high school to a teaching position. The court held that the committee's action in reassigning a principal to teaching duties constituted a demotion within the classification of teacher, and that the principal was entitled to receive as a teacher the same salary which he received as a principal. As a principal he was only "a superior sort of teacher" and was protected by G. L. c. 71, § 43. The *McCartin* case, *supra*, at 628.[3]

We do not agree that the *McCartin* case is controlling here. In that case the court said that, since the principal of a high school was the only person holding that position in the school system, a revision of the salary of that office would have been sufficiently a general salary revision to be valid under § 43. However, the school committee vote in that case did not abolish the position of principal or revise the salary attached to that position. By that vote the incumbent was changed, but the salary remained the same for the position of principal. This was a violation of § 43.

The plaintiff is also not assisted by certain language which she cites from the case of *Dimlich* v. *School Comm. of Andover*, 344 Mass. 643.[4] That case was decided on grounds which are not material in the instant case. Further, the court's discussion, as in the McCartin case, concerned a school principal who was not reappointed and who suffered a salary reduction, although the posi-

---

[3] The demoted principal could rely only on § 43 in the *McCartin* case because § 42A had not yet been enacted. The *McCartin* case at 628, fn. 1.

[4] The language relied on, at 647, is as follows: "Accordingly, we are of opinion that § 43 does not protect the salary of a principal against reduction unless such principal has attained tenure in that position. Tenure as a principal is achieved by consecutive service for over three years. Since the plaintiff was not on tenure as a principal, his reduction in salary is not invalid under § 43."

tion of principal was not abolished and a new incumbent was appointed to the position.

The case before us is different in that the position held by the plaintiff was abolished by the school committee as part of a bona fide reorganization. Thereafter, the plaintiff was the only person in her salary grade, as the judge found on evidence which clearly permitted such a finding, and her reassignment as a teacher at a reduced salary was not in violation of § 43. Since her former position had been abolished, she was no longer serving as a director, and hence her argument fails that her salary could be reduced only as part of a general salary revision affecting all administrators and directors. In *Downey* v. *School Comm. of Lowell*, 305 Mass. 329, it was held that § 43 was not violated when the principal of a grammar school, closed for reasons of economy, was reassigned to a teaching position at a substantially reduced salary, even though other grammar school principles suffered no reduction in salary. In that case we said, at 331: "The fact that the petitioner was chosen as a grammar school principal, and was paid the same salary as other such principals, does not show that she was in the 'same salary grade' as the others after her school was closed and theirs were left open. She was not entitled to be classed with them as to salary after that marked change in situation occurred. After that change, she was the only person in her 'salary grade,' and the section cited afforded her no protection." See *Sweeney* v. *School Comm. of Revere*, 249 Mass. 525, 531.

*Decree affirmed.*