RICHARD M. LANE *vs.* SCHOOL COMMITTEE OF PAXTON. July 6, 1979. The plaintiff brought an action in the Superior Court, under G. L. c. 71, § 43A, seeking to set aside the decision of the defendant school committee (committee) abolishing the position of assistant principal held by the plaintiff. Summary judgment was entered in favor of the committee. The plaintiff then filed a complaint with this court in the nature of certiorari under G. L. c. 249, § 4. A single justice dismissed the complaint. We affirm the judgment.

The plaintiff, who had been an assistant principal for sixteen years, was notified that the committee intended to vote to abolish the position of assistant principal and reassign him as a classroom teacher. He requested a hearing, notice of "any charge or charges against him stating the cause or causes alleged to be grounds for such charges," and the right to call and cross-examine witnesses. The committee responded by granting him a hearing, but also by taking the position that since the plaintiff "is not being suspended or discharged" and "[s]ince there are no charges against him, the rest of [his] requests are not applicable." At the hearing, the committee stated that the position of assistant principal was being eliminated because of declining enrollment. The plaintiff did not then and does not now contest this, or suggest that the committee's actions were not in good faith. The committee assigned the plaintiff to a classroom teaching position for the following school year at a lower salary.

The plaintiff contends that the committee's actions did not meet the requirements of G. L. c. 71, § 42A, as appearing in St. 1975, c. 199. That statute provides, in pertinent part, that "[n]o . . . assistant principal . . . who has served in that position for over three years shall . . . be demoted except for inefficiency, incapacity, unbecoming conduct, insubordination or other good cause." It also provides that he may request "a written charge or charges of the cause or causes for which his demotion is proposed" and a hearing at which he may call and examine witnesses. It further prohibits any demotion "unless the charge or charges shall have been substantiated."

Section 42A is designed to ensure fairness in the demotion of certain supervisory personnel, particularly when that demotion is for cause related to their performance. It does not apply to a good faith administrative decision relating to the abolition of a tenured position due to a decline in enrollment. See *Kaplan* v. *School Comm. of Melrose,* 363 Mass. 332, 335-338 (1973); *Jantzen* v. *School Comm. of Chelmsford,* 332 Mass. 175, 178 (1955).

Section 42 of G. L. c. 71, as amended through St. 1972, c. 464, § 2, concerning the dismissal of teachers (as opposed to supervisory personnel), provides that the hearing and certain other procedural safeguards of that section are not available when a committee determines to dismiss a teacher "whenever an actual decrease in the number of pupils in the schools of the town renders such action advisable." In such a case, an alternative position may have to be furnished to the

teacher, if he or she holds a tenured position. We see no reason why the procedures of § 42A should be applied to a decision to abolish a supervisory position because of a decline in enrollment when no similar procedures are required when a teaching position is abolished for the same reason.

*Judgment affirmed.*

*Brian A. Riley* for the plaintiff.
*John O. Mirick* for the defendant.