**Henry F. GUARINO, et al., Plaintiffs**
**vs.**
**THE CITY OF BOSTON, et al.,**
**Defendants**

No. 79-519-S

United States District Court
Commonwealth of Massachusetts

February 18, 1983

James T. Grady, counsel for plaintiffs.
Allan W. Drachman, counsel for defendants.

## MEMORANDUM AND ORDER

**Skinner, D.J.** This action is brought under 42 U.S.C. sec. 1983 by fourteen former supervisors in the Boston Public School system against the City of Boston, the superintendent of the Boston Public Schools, and the members of the School

Committee of the City of Boston. As part of a reorganization of the Boston school system, plaintiffs were reassigned to teaching positions and eventually received reduced salaries. The complaint alleges that defendants deprived plaintiffs of their property without due process of law and violated their rights under Massachusetts statutory law by demoting them without notice, charges or a hearing.

The parties have agreed that no material facts are in dispute and both parties have moved for summary judgment. For the reasons which follows, defendants' motion is granted.

The existence of a constitutionally protected property interest depends on the nature of plaintiffs' rights under state law. **Bishop v. Wood,** 426 U.S. 341, 344 n.7 (1976); **Board of Regents v. Roth,** 408 U.S. 564, 577 (1972). The only alleged source of plaintiffs' rights under state law is M.G.L. c. 71, sec. 42A which provides in pertinent part:

> No principal, supervisor, assistant principal, . . . who has served in that position for over three years shall without his consent be demoted except for inefficiency, incapacity, unbecoming conduct, insubordination or other good cause; nor unless, at least thirty days, exclusive of customary vacation periods, prior to the meeting at which the vote is to be taken, he shall have been notified of such intended vote; nor unless, if he so requests, he shall have been furnished by the committee with a written charge or charges of the cause or causes for which his demotion is proposed; nor unless, if he so requests, he has been given a hearing before the school committee, which may be either public or private at the discretion of the school committee, and at which he may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them; nor unless the charge or charges shall have been substantiated; nor unless the superintendent shall have given the committee his recommendations thereon.

> For the purpose of this section, a person shall be deemed to have been demoted if his salary has been reduced contrary to the provisions of section forty-three of this chapter or if he has been transferred without his consent to a position wherein he no longer serves at discretion.

The parties agree that at the time plaintiffs were reassigned they were "supervisors" within the meaning of M.G.L. c. 71, sec. 42A and that they served "at discretion" in the teaching positions to which they were reassigned. The parties further stipulate to the following facts:

> The impetus for the plaintiffs' reassignment was a reorganization plan proposed by the Superintendent and implemented by the Boston School Department during the 1978-1979 school year. Plaintiffs were not reassigned because of any charges concerning inefficiency, incapacity, conduct unbecoming, or insubordination. As a result of the reorganization, some of the duties of their former positions have not been performed. Other duties formerly performed by the plaintiffs have been diffused among various positions some of which were newly created positions in the district offices.
> (Stipulation No. 4)

Plaintiffs were informed of their reassignments by letter dated March 9, 1979. The reassignments were implemented on March 26, 1979. Plaintiffs requested written charges and formal hearings on an individual basis but the School Committee denied this request.

The question is whether defendants

violated plaintiffs' rights under M.G.L. c. 71, sec. 42A by failing to provide the procedures specified by that statute in connection with plaintiffs' reassignments. Plaintiffs argue that their re-assignments constitute "demotions" under sec. 42A and that the procedures specified in sec. 42A were therefore required. Plaintiffs do not challenge the plenary power of the School Committee to reorganize. See **School Committee of Braintree v. Raymond,** 369 Mass. 686, 343 N.E.2d 145 (1976).

The Massachusetts Supreme Judicial Court has found the procedural requirements of sec. 42A inappropriate to certain situations where supervisors are reassigned due to the abolition of their former positions. In **Jantzen v. School Committee of Chelmsford,** 332 Mass. 175, 124 N.E.2d 534 (1955), a hearing was held not to be required where a principal lost her position upon the closing of her school and was transferred to a teaching position in a new consolidated school.

> Even with these assumptions in petitioner's favor (that the transfer was a "demotion" under sec. 42A) we are unable to see how any effective relief can be given her. She may have had a technical right to notice and a hearing, but she had no right to be appointed principal of the new school . . . The court will not issue its writ to require a hearing which it can see must be futile. 332 Mass. 177-178.

In **Kaplan v. School Committee of Melrose,** 363 Mass. 332, 294 N.E.2d 209 (1973), the Court quoted the above-cited passage to support its finding that an art director was not entitled to a hearing where her position was abolished as part of a reorganization and she was offered a teaching position. See also **Lane v. School Committee of Paxton,** 378 Mass. 794, 392 N.E.2d 531 (1979) (sec. 42A procedures held inappropriate to the abolition of assistant principal's position due to declining enrollment). **Cf. Boston Teachers Union, Local 66 v. School Committee of Boston,** 386 Mass. 197, 434 N.E.2d 1258 (1982); **Milne v. School Committee of Manchester,** 381 Mass. 581, 410 N.E.2d 1216 (1980). **Compare Glennon v. School Committee of Boston,** 375 Mass. 757, 378 N.E.2d 1372 (1978).

In the present case, plaintiffs' titles were eliminated as part of a systemwide reorganization. Plaintiffs attempt to distinguish this case from those in which a position is abolished by noting that some of the duties formerly assigned to them have been diffused among various other positions in the school system, some of which were newly created. Other duties formerly performed by plaintiffs have been discontinued altogether. The fact that some of plaintiffs' duties have been reassigned does not indicate that plaintiffs' positions were not abolished. Indeed, it would be an unusual case where, upon the elimination of a job title, none of the duties of that title were transferred to other positions.

This is not a case where parties have been demoted because of any individual characteristics or where the reorganization is challenged as a pretense or a sham.[1] I find that this case is controlled by **Jantzen, Kaplan** and **Lane** and that plaintiffs were therefore not entitled to the procedural protections of sec. 42A.

The remaining question concerns the propriety of the reduction of plaintiffs' salaries. While the salaries were not reduced after the reassignments in 1979 or for the 1979-80, 1980-81 and 1981-82 school years, they were reduced effective July 1, 1982 to the rates established for teachers under plaintiffs' collective bargaining agreement. No individual hearings were afforded to plaintiffs under M.G.L. c. 71, sec. 42A. In **Kaplan v. School Committee of Melrose** and **Lane v. School Committee of Paxton, supra,** no hearings were found necessary where salary reductions accompanied the

---

[1] While plaintiffs contend in their brief that the reorganization was a sham, neither the pleadings nor the factual record support this allegation.

abolition of supervisory positions. Furthermore, since plaintiffs' salaries were reduced in accordance with a collective bargaining agreement, plaintiffs may be deemed to have consented to the reduction. **Cf. Setterlund v. Groton-Dunstable Regional School Committee,** 382 Mass. 328, 415 N.E. 2D 214 (1981).

Accordingly, defendants' motion for summary judgment is ALLOWED. A judgment shall enter for all the defendants.[2]

So ordered.

**Walter Jay Skinner**
**United States District Judge**

---

[2] The City of Boston, a nominal party, due to the apparently chronic lethargy of its corporation counsel (**see Waker v. City of Boston,** C.A. 76-1927-S), failed to join in the summary judgment motion. Nevertheless, there is no reason to continue this case against the city.