DEAN A. POWERS vs. FREETOWN-LAKEVILLE REGIONAL
SCHOOL DISTRICT COMMITTEE
(and a companion case[1]).

Bristol.   May 8, 1984. — August 8, 1984.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*School and School Committee*, Transfer of administrator. *Open Meeting Law.*
*Words*, "Demotion."

A judge was not plainly wrong in concluding that the transfer of a high school
   assistant principal to a different position as middle school assistant prin-
   cipal, at the same salary, would constitute a demotion, where the judge
   based this conclusion on his comparison of the duties of the two positions
   and his consideration of how the employee's peers and potential employ-
   ers would perceive the transfer. [659-660]
The procedural protections afforded by G. L. c. 71, § 42A, were applicable
   to the case of a high school assistant principal who was being transferred
   to a position as middle school assistant principal in order to further
   educational and economic objectives. [660-661]
The record of a school committee's proceedings respecting the transfer of a
   high school assistant principal to a different position as middle school
   assistant principal failed to show compliance by the committee with the
   procedural requirements of G. L. c. 71, § 42A. [661-662]

CIVIL ACTIONS commenced in the Superior Court Depart-
ment on October 25, 1982.

The cases were heard by *Hallisey, J.*

After review was sought in the Appeals Court, the Supreme
Judicial Court ordered direct appellate review on its own initiative.

*Ralph T. Calderaro* for the defendant.
*William M. Straus* for the plaintiffs.

---

[1] Henry E. Bernier & others *vs.* Freetown-Lakeville Regional School
District Committee. This action, commenced by the plaintiff and three other
registered voters in the regional school district, alleges that violations of
G. L. c. 39, § 23B (Open Meeting Law) occurred when the school commit-
tee went into executive session to discuss Powers' transfer.

*Roger Dowd & Elliott Powers,* for Massachusetts Secondary School Administrators Association, Inc., amicus curiae, submitted a brief.

*Michael J. Long,* for Massachusetts Association of School Superintendents, Inc., amicus curiae, submitted a brief.

*Austin Broadhurst & Margaret A. Keenan,* for Massachusetts Association of School Committees, Inc., amicus curiae, submitted a brief.

*James C. Heigham,* for Massachusetts Newspaper Publishers Association, amicus curiae, submitted a brief.

NOLAN, J.    The Freetown-Lakeville Regional School District Committee (school committee) appeals from judgments entered in the Superior Court. Those judgments declared that the school committee violated G. L. c. 71, § 42A,[2] in transferring Powers from his position as a regional high school assistant principal to that of a middle school assistant principal, that the school committee violated G. L. c. 39, § 23B,[3] by hold-

---

[2] General Laws c. 71, § 42A, provides in pertinent part: "No principal, supervisor, assistant principal, or professional employee performing the duties of a principal, supervisor, assistant principal, by whatever title his position may be known, who has served in that position for over three years shall without his consent be demoted except for inefficiency, incapacity, unbecoming conduct, insubordination or other good cause; nor unless, at least thirty days, exclusive of customary vacation periods, prior to the meeting at which the vote is to be taken, he shall have been notified of such intended vote; nor unless, if he so requests, he shall have been furnished by the committee with a written charge or charges of the cause or causes for which his demotion is proposed; nor unless, if he so requests, he has been given a hearing before the school committee, which may be either public or private at the discretion of the school committee, and at which he may be represented by counsel, present evidence and call witnesses to testify in his behalf and examine them; nor unless the charge or charges shall have been substantiated; nor unless the superintendent shall have given the committee his recommendations thereon."

[3] General Laws c. 39, § 23B, provides in relevant part: "All meetings of a governmental body shall be open to the public and any person shall be permitted to attend any meeting except as otherwise provided by this section.
" . . . .
"No executive session shall be held . . . [except] for the following purposes: . . . (3) to discuss strategy with respect to collective bargaining or litigation if an open meeting may have a detrimental effect on the bargaining or litigating position of the governmental body, and to conduct collective bargaining sessions."

ing an inappropriate executive session, and ordered that Powers be reinstated in his former position. We transferred this matter on our own motion, and we affirm the judgments below.

1. *Factual background.* Powers was assistant principal of the Apponequet Regional High School from 1977 through 1982. In 1981, the school committee began formulating revisions in its operating plans in response to St. 1980, c. 580 (Proposition 2½). In July, 1982, the superintendent of schools approached Powers and a middle school assistant principal concerning their willingness to exchange positions.[4] Powers was not receptive to this proposal. The superintendent confirmed by letter his intention to effectuate the exchange; Powers informed him that he considered the transfer involuntary and that he wished to address the school committee. Further correspondence from Powers' counsel informed the superintendent and the school committee that Powers considered the move to be a demotion and demanded due process. The school committee took the position that no demotion had occurred, but informed Powers he might be heard at an early August school committee meeting. Powers requested a statement of the charges against him several days prior to the school committee meeting. That meeting was postponed until late September. In the interim, the superintendent informed Powers that no charges existed against him but that he would be furnished a statement of reasons for the transfer and be permitted to speak at the upcoming school committee meeting.

Powers attended the September meeting, at which he received a memorandum of the reasons for the transfer.[5] He addressed the school committee. At an October meeting, the school committee went into executive session and received legal advice concerning the possibility of litigation by Powers. The school committee voted to approve the transfer the following week. Powers was ordered to assume his new position immediately.

---

[4] Powers' salary was not reduced as a result of the transfer.

[5] The reasons stated for the transfer were to promote coordination and curriculum cohesion between the high school and middle school, and to facilitate effective interaction between the schools.

2. *Proceedings below*. The trial judge compared the differences between the high school and the middle school assistant principals' responsibilities, taking into consideration eleven functions. He found that a transfer would change Powers' duties. He observed that fellow professionals would perceive the transfer to be a demotion which would cloud Powers' future employment prospects, notwithstanding satisfactory explanations for the move. The judge concluded that the transfer was a demotion. Further, he concluded that the protections of G. L. c. 71, § 42A, applied to Powers. As no formal statement of charges had been presented to Powers, the trial judge declared that the transfer had been made in violation of the statute, and ordered that Powers be reinstated in his previous position.

The trial judge declared the executive session of the school committee illegal, as violative of G. L. c. 39, § 23B. Where no "actual" or "imminently threatened" litigation was involved, the judge ruled that the litigation strategy exception to the open meeting law was not applicable.

3. *Issues presented for review*.[6] The school committee argues that the ruling concerning "demotion" was incorrect; that G. L. c. 71, § 42A, does not apply; that even if a demotion occurred substantial due process was accorded Powers; and that Powers' hearing before the school committee substantiates invocation of the litigation strategy exception to G. L. c. 39, § 23B.

4. *The determination that a demotion had occurred*. In reviewing the trial judge's findings and conclusions regarding demotion, we are confined to examining whether the findings were clearly erroneous or the conclusions inconsistent with statutory norms. *Marlow* v. *New Bedford,* 369 Mass. 501, 508 (1976). The school committee argues that neither the evidence of "change" nor the evidence of perceived demotion are adequate to support the conclusion concerning demotion. We dis-

---

[6] We thank the Massachusetts Association of School Committees, Inc., the Massachusetts Association of School Superintendents, Inc., the Massachusetts Secondary School Administrators Association, Inc., and the Massachusetts Newspaper Publishers Association, who have submitted briefs as amici curiae.

agree. Although certain acts are deemed to be demotions within G. L. c. 71, § 42A, an exclusive definition has not been supplied by the Legislature, nor has the case law exhausted this issue. *Glennon* v. *School Comm. of Boston,* 375 Mass. 757, 762-766 (1978). *Glennon* suggests that an appropriate standard for determining "demotion" is whether "substantial changes" in administrative duties are wrought by a change in position. *Id.* at 765. The omission of the word "substantial" from the trial judge's finding regarding the change cannot affect the result where eleven functions were closely scrutinized. Further, there is no error in the trial judge's consideration of how Powers' peers and potential employers would perceive the transfer.

5. *Compliance with G. L. c. 71, § 42A.* Having determined that a demotion existed, the trial judge examined the necessity for compliance with G. L. c. 71, § 42A. That section provides that no demotion may be made except for "inefficiency, incapacity, unbecoming conduct, insubordination, or other good cause."[7] Applying the principle of ejusdem generis, the judge reasoned that "other good cause" is limited to other circumstances involving unsatisfactory performance.[8] The school committee argues that "other good cause" includes "other good reason" unrelated to bad conduct. Assuming, without deciding, that the school committee's more expansive reading is correct, its argument must fail as the argument does nothing to relieve the school committee of compliance with the statute's procedural protections. Even if a demotion can be necessitated by a system-wide reorganization, the procedural requirements of the statute are not automatically circumvented. Cases concerning school closings and the resulting elimination of posi-

---

[7] The provisions of G. L. c. 71, § 42A, apply only to those administrators who have been employed in that capacity for more than three years. *Kelley* v. *School Comm. of Watertown,* 330 Mass. 150, 152 (1953).

[8] This rule of construction is employed to ascertain the correct meaning of words by limiting "general terms which follow specific ones to matters similar to those specified," *United States* v. *Powell,* 423 U.S. 87, 91 (1975), quoting *Gooch* v. *United States,* 297 U.S. 124, 128 (1936).

tions are inapposite here.[9] This case concerns an exchange of positions between a high school and a middle school administrator to foster certain educational objectives.[10] The nature of those objectives, coupled with other reorganizational plans, indicates that this is not a case in which the procedural protections of § 42A can be dispensed with. We deal here with an individual situation, not a systemic reorganization.[11]

6. *Adequacy of procedural due process.* The school committee argues that even if this court upholds, and we do, the trial judge's conclusions concerning demotion and compliance with G. L. c. 71, § 42A, the school committee may be exonerated because it accorded Powers adequate procedural due process. We cannot agree. The judge found that no written charges were given to Powers, thereby rejecting the school committee's contention that the memorandum of "reasons" was sufficient. Under the circumstances, we cannot say this was error. We are not here faced with any concept of flexible due process, but with specific and concrete statutory language. We note that the record reflects a most haphazard attempt to conform the facts of Powers' transfer with the temporal requirements of

---

[9] See, e.g., *Lane* v. *School Comm. of Paxton,* 378 Mass. 794 (1979) (abolition of administrative position because of declining enrollment does not require § 42A procedures); *Kaplan* v. *School Comm. of Melrose,* 363 Mass. 332, 338 (1973) (statute not violated where position abolished as a result of reorganization); *Jantzen* v. *School Comm. of Chelmsford,* 332 Mass. 175, 177-178 (1955) (where position abolished through school closing, principal not entitled to hearing which would be futile); *Downey* v. *School Comm. of Lowell,* 305 Mass. 329, 331 (1940) (reassignment of principal to teaching position following school closing not violative of statute).

[10] See note 5, *supra.*

[11] The school committee's intimation that holding for Powers will hamper efficient school administration by preventing transfers for reasons of economy must fail. Our previous decisions are to the contrary, and we are disinclined to disturb their holdings. See, e.g., *Berkshire Hills Regional School Dist. Comm.* v. *Berkshire Hills Educ. Ass'n,* 375 Mass. 522, 526 (1978) (appointment of school officials within school committee's managerial prerogatives); *School Comm. of Braintree* v. *Raymond,* 369 Mass. 686, 689 (1976) (school committee has plenary power to abolish position); *School Comm. of Hanover* v. *Curry,* 369 Mass. 683, 685 (1976) (power to abolish position cannot be delegated).

§ 42A. The measures employed here included several volleys of correspondence and a shuffling of meeting schedules; this falls short of the statutory requirements. We perceive no error in the judge's conclusion, and leave to another day discussion of whether a statement of "reasons" as opposed to "charges" might be sufficient to satisfy § 42A if all other requirements were met.

*Judgments affirmed.*