James Black, Petitioner *v.* Board of School Directors of The Wyalusing Area School District, Bradford County, Pennsylvania, Respondent.

Argued March 8, 1979, before Judges CRUMLISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Priscilla M. Walrath,* with her *Thomas A. Walrath;* *Walrath and Coolidge; William A. Hebe;* and *Spencer, Gleason & Hebe,* for petitioner.

*James A. Pruyne,* with him *A. B. Duvall,* and *Duvall, Reuter & Pruyne,* for respondent.

OPINION BY JUDGE BLATT, June 4, 1979:

James Black (petitioner) has appealed to this Court from an order of the Secretary of Education (Secretary) upholding his demotion from elementary school principal to fifth-grade teacher by the Board of School Directors of the Wyalusing Area School District (Board). He contends (1) that the Board erred in concluding that he had not been demoted and (2) that the action of the Board was arbitrary and capricious.

This matter was previously before us in *Black v. Wyalusing Area School District,* 27 Pa. Commonwealth Ct. 176, 365 A.2d 1352 (1976), where we affirmed the Secretary's determination that the petitioner had been demoted when his position was abolished and he was reassigned. Inasmuch as he had not received a hearing, we held that the demotion was void and that he was therefore entitled to reinstatement. The Board subsequently held a hearing and made findings and conclusions from which the petitioner now

appeals, and, among the conclusions made was one which held that the abolition of the petitioner's position did not result in his demotion. This conclusion is, clearly erroneous because the issue of whether or not the petitioner had been demoted was rendered res judicata by our previous decision. The only matter properly before the Board, therefore, was the adequacy of the reasons for the demotion. So we need not discuss this conclusion further.

As to whether the Board's action in demoting the petitioner was arbitrary or capricious, we agree with the Secretary that it was not. In *Lucostic v. Brownsville Area School District,* 6 Pa. Commonwealth Ct. 587, 297 A.2d 516 (1972), we summarized the law in connection with a professional employee's demotion as follows:

> (1) A Board of School Directors may demote a professional employe in position or salary or both without his or her consent . . . ; (2) the action of the Board is presumptively valid . . . ; and (3) the demoted employe contesting the Board's action has the burden of proving it to be arbitrary, discriminatory or founded upon improper considerations. . . . (Citations omitted.)

6 Pa. Commonwealth Ct. at 590-91, 297 A.2d at 518. The testimony before the Board in the instant case established that the school district administrators desired to reorganize and upgrade the administration of their elementary schools in order to correct deficiencies in the coordination and preparation of their programs. Pursuant to this objective, they created the position of assistant superintendent of elementary education and abolished the petitioner's position of elementary school principal. The petitioner was not qualified for the new position, which encompassed not only his former responsibilities but some additional

new ones; the Board therefore hired someone with better credentials, and he was then reassigned as a fifth-grade teacher. The petitioner offered no evidence which would demonstrate that the Board's action was arbitrary, discriminatory, or founded upon any improper considerations, and we found no such evidence in our review of the entire record.[1]

The order of the Secretary is therefore affirmed.

### ORDER

AND Now, this 4th day of June, 1979, the order of the Secretary of Education in the above-captioned matter is hereby affirmed.

---

[1] There was, in addition, testimony regarding several complaints made against the petitioner in regard to his job performance; this, however, was apparently not considered significant by the Board.