No. 82-402

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

IRENE D. SORLIE,

Petitioner and Appellant,

vs.

SCHOOL DISTRICT NO. 2,

Respondent and Cross-Appellant.

FILED

JUL 7 - 1983

*Ethel M. Harrison*
CLERK OF SUPREME COURT
STATE OF MONTANA

Appeal from:  District Court of the Thirteenth Judicial District,
              In and for the County of Yellowstone
              Honorable Diane Barz, Judge presiding.

Counsel of Record:

    For Appellant:

        Moses Law Firm, Billings, Montana
        Charles F. Moses argued, Billings, Montana

    For Respondent:

        Holmstrom & Dunaway, Billings, Montana
        Robert Holmstrom argued  Billings, Montana

    For Cross-Appellant:

        John Larson argued, Helena, Montana

Submitted:  April 26, 1983

Decided·  July 7, 1983

Filed:

*Ethel M. Harrison*
_____
                Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Irene Sorlie appeals the Yellowstone County District Court decision affirming the ruling of the State Superintendent of Public Instruction that School District #2 of Yellowstone County did not violate tenure laws by reassigning her from an administrative position to classroom teacher. The School District, respondent, cross-appeals. We affirm.

Sorlie was employed by the School District in 1951. She taught until 1978 when she accepted an administrator's contract to be Coordinator of Intermediate Education. Her administrative duties included curriculum development and working with teachers of grades 4 through 6 experiencing teaching difficulties. The record indicates that Sorlie had an exemplary record as a teacher and consequently earned the position as Coordinator of Intermediate Education. She was able to use her many years of service to assist other teachers having certain teaching difficulties and established an excellent record as an administrator.

On March 31, 1980, the School District sent Sorlie a reemployment contract which notified her that employment as an administrator for 1980-81 was contingent upon "adequate allocation of state and federal funding and voter approval of the initial mill levy amount." Sorlie signed the contract and returned it to the School District. The levy failed.

The Board of Trustees determined that it would adopt a new budget that would not need an increased mill levy. The development of this budget would require the District Superintendent to recommend program and staff reductions for 1980-81. Among the proposed cuts was the position held by Sorlie. The Board adopted this recommendation along with

-2-

others. On June 16, 1980, the reduced mill levy was approved by the voters.

On June 27, 1980, Sorlie was informed that she would be assigned as a fourth grade teacher. At her request, she was reassigned to teach the second grade at Poly Drive School.

Sorlie requested a hearing before the School Board which was held on September 16, 1980. She alleged that reassigning her to a classroom was a demotion as to salary and responsibility and, hence, contrary to Montana tenure laws. The Board affirmed its decision, and Sorlie brought the matter to the County Superintendent of Schools.

The County Superintendent found Sorlie's administrative position was not comparable to her teacher's position; that she did not acquire tenure in such administrative position; that the contingency funds available to the School District did not prove that such funds should be used to pay the salary to Sorlie for her administrative position; and that the School District was correct in denying her claim to reinstatement to her admministrative position.

Sorlie then appealed the decision of the County Superintendent to the State Superintendent of Public Instruction. The State Superintendent's order was handed down on September 28, 1981. It concluded as follows:

> "Clearly from the facts presented to the County Superintendent, Mrs. Sorlie did acquire tenure as a teacher. In fact, both parties do not disagree with this legal conclusion. Further, in view of this state's statute, I hold as a matter of law that <u>the position of elementary teacher is comparable to the position of coordinator of intermediate education for purposes of tenure.</u> [Emphasis added.]

"Clearly, under the facts presented to the County Superintendent, Mrs. Sorlie did acquire tenure as a teacher for her service of almost 20 continuous years to Yellowstone County Elementary Districts."

The State Superintendent, even though concluding reassignment did not violate tenure laws, held that reduction in salary was such a violation. Consequently, appellant was reelected at the same salary provided by her 1979-80 administrator's contract. No mention was made of any subsequent years.

Sorlie then appealed to the District Court for judicial review. That court affirmed the State Superintendent's decision on the basis that there is ample authority for the School District to transfer tenured personnel to other positions for which they are certified and qualified.

From the District Court decision, Sorlie appeals. The School District cross-appeals.

Sorlie raises two issues for our consideration:

1. Does the School District have any right to cross-appeal to this Court the salary decision made by the State Superintendent?

2. Was Sorlie's reassignment from administrator to classroom teacher violative of Montana's tenure laws?

The School District presents two issues:

1. Is Sorlie entitled to the higher administrative salary, plus increases, for school years subsequent to 1980-81?

2. Did the District Court commit error by allowing the State Superintendent to intervene in the lower court action?

Sorlie first contends that the School District should

-4-

not be allowed to appeal the salary decision made by the State Superintendent because it did not directly petition the District Court for review. Thus, the issue is not properly before this Court. Section 2-4-702, MCA, provides that a party aggrieved from an agency ruling must file a petition in the District Court demanding relief. Here, the School District did not petition for judicial review nor cross-petition from Sorlie's petition.

We hold that this issue is appealable as the question of reviewability was previously decided by this Court. On November 26, 1982, we dismissed Sorlie's motion to dismiss the School District's cross-appeal which included the salary issue.

Further, section 2-4-702(1)(b), MCA, indicates that issues brought before the agency proceeding automatically become subject to judicial review. The salary question was raised at the agency level and reviewed by the District Court. From such decision, the School District, as an aggrieved party can appeal.

In another context, Sorlie's petition for judicial review raised the salary question and the School District was aggrieved by the District Court decision on such question. Consequently, the School District can appeal on that basis. Rule 1, M.R.App.Civ.P.

Sorlie next asserts that reassignment from administrator to classroom teacher was violative of Montana tenure laws. She argues that her undisputed tenure as a teacher carried forward into her administrative position and that the School District violated her tenure rights by demoting her from Coordinator of Intermediate Education to classroom

teacher.

Sorlie also argues that the burden of proof is on the School District to justify its action; that the financial reasons asserted by the District were not adequate justification; and that there were sufficient funds to reemploy Sorlie as an administrator.

We hold that Sorlie's tenure rights were not violated. The basic tenure statute provides in part:

> "Whenever a teacher has been elected by the offer and acceptance of a contract for the fourth consecutive year of employment by a district in a position requiring teacher certification except as a district superintendent or specialist, the teacher shall be deemed to be re-elected from year to year thereafter as a tenure teacher at the same salary and in the same or a comparable position of employment as that provided by the last executed contract with such teacher. . ." Section 20-4-203, MCA.

There is no separate tenure for administrative personnel. Further, section 20-1-101(20), MCA, defines a teacher as:

> ". . . any person, except a district superintendent, who holds a valid Montana teacher certificate that has been issued by the superintendent of public instruction under the provisions of this title and the policies adopted by the board of public education and who is employed by a district as a member of its instructional, supervisory, or adminstrative staff . . ."

We conclude that tenure acquired as a teacher applies to a subsequent administrative position. Section 20-1-101(20) MCA, clearly provides that a teacher and administrator are comparable positions for the purpose of acquiring tenure. If this were not so, an educator could lose tenure rights by accepting a promotion to an administrative position.

Sorlie contends that her tenure rights require the

School District to reemploy her in the same capacity at the same salary. While the two positions involved here are comparable for purposes of acquiring tenure they are functionally dissimilar. However, we conclude that reassignment, without reduction in salary, for legitimate financial constraints, is justifiable and not contrary to tenure laws. In Brownsville Area School District v. Lucostic (Pa. 1972), 297 A.2d 516, two former administrators sued the school board for demotion in position and salary, alleging tenure violations. The Commonwealth Court of Pennsylvania held that the action of the school board was proper and, through dicta, approved of demotion pursuant to legitimate program and administrative reorganization. See also, 78 C.J.S., Schools and School Districts, § 205 at 1101; Nagy v. Belle Vernon Area School Dist. (1980), 49 Pa.C. 452, 412 A.2d 172; Black v. Bd. of School Directors (1979), 43 Pa.C. 200, 401 A.2d 1251; McCartin v. School Committee of Lowell et al. (1948), 322 Mass. 624, 79 N.E.2d 192.

Local economies are constantly changing; therefore, a school board must have the requisite authority to manage the school district in a financially-responsible manner. This includes eliminating certain programs and activities, and thereby terminating or reassigning personnel.

A school board's powers and duties are outlined in section 20-3-324, MCA. This section reads in part:

> "As prescribed elsewhere in this title, the trustees of each district shall have the power and it shall be their duty to perform the following duties or acts:
>
> "(1) employ or dismiss a teacher, principal, or other assistant upon the recommendation of the district superintendent, the county high school principal, or other principal as the board may deem

-7-

necessary, accepting or rejecting such recommendation as the trustees shall in their sole discretion determine, in accordance with the provisions of Title 20, chapter 4;

"(2) employ and dismiss administrative personnel, clerks, secretaries, teacher aides, custodians, maintenance personnel, school bus drivers, food service personnel, nurses, and any other personnel deemed necessary to carry out the various services of the district;

". . .

"(8) adopt and administer the annual budget or an emergency budget of the district in accordance with the provisions of the school budget system part of this title;

"(9) conduct the fiscal business of the district in accordance with the provisions of the school financial administration part of this title;"

Section 39-31-303, MCA, outlines the management rights of public employers. It reads in part:

"Public employees and their representatives shall recognize the prerogatives of public employers to operate and manage their affairs in such areas as, but not limited to:

"(1) direct employees;

"(2) hire, promote, transfer, assign, and retain employees;

"(3) relieve employees from duties because of lack of work or funds or under conditions where continuation of such work be inefficient and nonproductive;

"(4) maintain the efficiency of government operations;"

In the present case, it can be concluded that appellant was removed from her administrative position pursuant to the Board's power to financially manage the School District. Further, reassignment was in accordance with section 39-31-303(2) and (3), MCA, cited above.

On the other hand, in Keiser v. State Bd. of Regents of Higher Education (1981), ____ Mont. ____, 630 P.2d 194, 38 St.Rep. 674, we held that a state university could not reduce a department director's salary when, pursuant to administrative reorganization, the director was demoted to professor. Our decision was based upon the fact that the director was tenured under the university system and a chief goal of tenure is economic security. If tenure is achieved but salaries can be reduced, this goal means nothing. While tenure rights of primary educators and college professors stem from separate sources, their goals are identical. Thus, recognizing the objective of economic security, we conclude that Sorlie should maintain her administrator's salary.

We also hold that if a position similar to that previously held by the reassigned educator is available after program reductions or changes it must be offered to that person.

On cross-appeal the School District contends that Sorlie is only entitled to the higher administrative salary for the 1980-81 school year as the scope of all proceedings covered that year only.

We conclude that the higher administrative salary, plus increases, should be paid for all subsequent years Sorlie teaches. The tenure statute requires a tenured teacher to maintain the same salary year after year. We have held that Sorlie's tenure as a teacher carried forward into her administrative position. Consequently, she was a tenured administrator and was entitled to the admnistrative salary, plus increases, for all years she continues to teach. See, Keiser, supra.

-9-

The second issue raised by the School District is without merit and we do not discuss it here. The court was clearly correct in allowing the intervention.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

Mr. Justice John C. Sheehy concurring in part and dissenting in part:

I concur with the majority insofar as it holds that (1) Irene Sorlie was entitled to tenure for her position of coordinator of intermediate education in School District No. 2, Yellowstone County; (2) that she is entitled to the same salary which she was getting in the last year of her administrative position plus any increments subsequently adhering; (3) that we may consider the school board's cross-appeal here, but find no merit in the same; (4) that Irene D. Sorlie did not waive any rights to tenure by signing the contract which was presented to her and which contained self-exculpatory provisions in favor of the school board.

I dissent from the majority, and would hold that Irene D. Sorlie is entitled to a position comparable to that of a coordinator of intermediate education because of her tenured rights; that the school board may not utilize potential financial problems to take away her tenured rights; that the Superintendent of Public Instruction is in error when he claims that a teaching position in the second grade of an elementary school, and the position of coordinator of intermediate education curricula are the same; that she is entitled to such increments as would have accrued to her position from and since her termination by the school board of her administrative position.

I will speak to the most important issue first. She was tenured in her position as a coordinator of intermediate education curricula, and thus is entitled now and has been since her termination from that position entitled to a comparable position under her tenure rights. A teaching

-11 -

position in the second grade is not comparable to the position of coordinator of intermediate education.

Under the facts in this case, in her administrative position she worked with other elementary grade teachers for the purpose of coordinating, using her 20 years teaching experience, the teaching methods and curricula for those grades. In effect she had a supervisory position as regards curricula. Upon being assigned to a teaching position in the second grade in an elementary school, she has been deprived of all such administrative function, has no further say about the curricula adopted in the system, and must accept the curricula already set in place for her guidance as a teacher. Thus she has not been given a comparable position. She has been demoted. She was once an administrator, she is now a teacher.

This case is controlled by the holding in Smith v. School District No. 18 (1943), 115 Mont. 102, 115, 139 P.2d 518. In that case, this Court said:

> "The purpose of enacting the Teacher Tenure Act (citing the statute) is not merely to insure teaching employment but it is also to insure the teachers who have held teaching positions for three or more consecutive years, security in the position, the grade or the status which they have thus attained.

> "In the instant case the position which appellant had held teaching the upper grades in the Valier Public School had been given to someone else. The new position offered appellant was a demotion. It would remove appellant from the town of Valier and place him 10 miles out in the country. It would remove him from his old position as band instructor. It would remove him from his old position, rank, grade and status of a teacher of the upper grades in a town school and would reduce him to the status of a teacher in an ungraded country school teaching all grades from the primary up. To thus demote a teacher requires the same procedure as removal or dismissal (citing a case).

> "While a regularly employed teacher may be discharged for a good and sufficient cause yet 'the

- 12 -

board has no power to . . . transfer a teacher from a higher to a lower grade. Assigning a teacher to a lower grade is a "removal" and just as much so as a dismissal would be.' (Citing authority.)"

From the foregoing, therefore, it is clear that the holding of the majority in this case respecting tenure rights in an administrative position is two-faced: while purporting to recognize that a tenured teacher promoted to an administrative position in the school system is tenured in the administrative position, the majority takes away the tenure right in the guise of holding that the school board for financial reasons may demote the tenured person to a lower position. Such a holding gives only token recognition to the principles of tenure.

The applicable statute is section 20-4-203, MCA, which provides in pertinent part:

"Whenever a teacher has been elected by the offer and acceptance of a contract for the fourth consecutive year of employment by a district in a position requiring teachers certification . . . the teacher shall be deemed to be reelected from year to year thereafter as a tenure teacher at the same salary and in the same or a comparable position of employment as that provided by the last executed contract with such teacher. . ." (emphasis added)

Under the statute, tenure has two guaranteed concepts, one salary, and two, status or a comparable position. If a school board may demean a teacher by offering a lesser position, even though the same salary adhered, then tenure is effectively sabotaged.

I must say for the credit of the school board here that it recognizes that it did not offer a comparable position to Irene D. Sorlie. Throughout these proceedings, and before this Court, it has insisted that it had the right to offer a less than comparable position because in the view of the school board she was not tenured in her administrative

- 13 -

position under section 20-4-202.  That at least is an honest approach.

_____
Justice John C. Sheehy