MR. CHIEF JUSTICE HASWELL
delivered the opinion of the Court,
Irene Sorlie appeals the Yellowstone County District Court decision affirming the ruling of the State Superintendent of Public Instruction that School District #2 of Yellowstone County did not violate tenure laws by reassigning her from an administrative position to classroom teacher. The School District, respondent, cross-appeals. We affirm.
Sorlie was employed by the School District in 1951. She taught until 1978 when she accepted an administrator’s contract to be Coordinator of Intermediate Education. Her administrative duties included curriculum development and working with teachers of grades 4 through 6 experiencing teaching difficulties. The record indicates that Sorlie had an exemplary record as a teacher and consequently earned the position as Coordinator of Intermediate Education. She was able to use her many years of service to assist other teachers having certain teaching difficulties and established an *25 excellent record as an administrator.
On March 31, 1980, the School District sent Sorlie a reemployment contract which notified her that employment as an administrator for 1980-81 was contingent upon “adequate allocation of state and federal funding and voter approval of the initial mill levy amount.” Sorlie signed the contract and returned it to the School District. The levy failed.
The Board of Trustees determined that it would adopt a new budget that would not need an increased mill levy. The development of this budget would require the District Superintendent to recommend program and staff reductions for 1980-81. Among the proposed cuts was the position held by Sorlie. The Board adopted this recommendation along with others. On June 16, 1980, the reduced mill levy was approved by the voters.
On June 27, 1980, Sorlie was informed that she would be assigned as a fourth grade teacher. At her request, she was reassigned to teach the second grade at Poly Drive School.
Sorlie requested a hearing before the School Board which was held on September 16, 1980. She alleged that reassigning her to a classroom was a demotion as to salary and responsibility and, hence, contrary to Montana tenure laws. The Board affirmed its decision, and Sorlie brought the matter to the County Superintendent of Schools.
The County Superintendent found Sorlie’s administrative position was not comparable to her teacher’s position; that she did not acquire tenure in such administrative position; that the contingency funds available to the School District did not prove that such funds should be used to pay the salary to Sorlie for her administrative position; and that the School District was correct in denying her claim to reinstatement to her administrative position.
Sorlie then appealed the decision of the County Superintendent to the State Superintendent of Public Instruction. The State Superintendent’s order was handed down on September 28, 1981. It concluded as follows:
*26 “Clearly from the facts presented to the County Superintendent, Mrs. Sorlie did acquire tenure as a teacher. In fact, both parties do not disagree with this legal conclusion. Further, in view of this state’s statute, I hold as a matter of law that the position of elementary teacher is comparable to the position of coordinator of intermediate education for purposes of tenure. [Emphasis added.]
“Clearly, under the facts presented to the County Superintendent, Mrs. Sorlie did acquire tenure as a teacher for her service of almost 20 continuous years to Yellowstone County Elementary Districts.”
The State Superintendent, even though concluding reassignment did not violate tenure laws, held that reduction in salary was such a violation. Consequently, appellant was reelected at the same salary provided by her 1979-80 administrator’s contract. No mention was made of any subsequent years.
Sorlie then appealed to the District Court for judicial review. That court affirmed the State Superintendent’s decision on the basis that there is ample authority for the School District to transfer tenured personnel to other positions for which they are certified and qualified.
From the District Court decision, Sorlie appeals. The School District cross-appeals.
Sorlie raises two issues for our consideration:
1. Does the School District have any right to cross-appeal to this Court the salary decision made by the State Superintendent?
2. Was Sorlie’s reassignment from administrator to classroom teacher violative of Montana’s tenure laws?
The School District presents two issues:
1. Is Sorlie entitled to the higher administrative salary, plus increases, for school years subsequent to 1980-81?
2. Did the District Court commit error by allowing the State Superintendent to intervene in the lower court action?
Sorlie first contends that the School District should *27 not be allowed to appeal the salary decision made by the State Superintendent because it did not directly petition the District Court for review. Thus, the issue is not properly before this Court. Section 2-4-702, MCA, provides that a party aggrieved from an agency ruling must file a petition in the District Court demanding relief. Here, the School District did not petition for judicial review nor cross-petition from Sorlie’s petition.
We hold that this issue is appealable as the question of reviewability was previously decided by this Court. On November 26, 1982, we dismissed Sorlie’s motion to dismiss the School District’s cross-appeal which included the salary issue.
Further, section 2-4-702(1)(b), MCA, indicates that issues brought before the agency proceeding automatically become subject to judicial review. The salary question was raised at the agency level and reviewed by the District Court. From such decision, the School District, as an aggrieved party can appeal.
In another context, Sorlie’s petition for judicial review raised the salary question and the School District was aggrieved by the District Court decision on such question. Consequently, the School District can appeal on that basis. Rule 1, M.R.App.Civ.P.
Sorlie next asserts that reassignment from administrator to classroom teacher was violative of Montana tenure laws. She argues that her undisputed tenure as a teacher carried forward into her administrative position and that the School District violated her tenure rights by demoting her from Coordinator of Intermediate Education to classroom teacher.
Sorlie also argues that the burden of proof is on the School District to justify its action; that the financial reasons asserted by the District were not adequate justification; and that there were sufficient funds to reemploy Sorlie as an administrator.
We hold that Sorlie’s tenure rights were not violated. The *28 basic tenure statute provides in part:
“Whenever a teacher has been elected by the offer and acceptance of a contract for the fourth consecutive year of employment by a district in a position requiring teacher certification except as a district superintendent or specialist, the teacher shall be deemed to be reelected from year to year thereafter as a tenure teacher at the same salary and in the same or a comparable position of employment as that provided by the last executed contract with such teacher. . ” Section 20-4-203, MCA.
There is no separate tenure for administrative personnel. Further, section 20-1-101(20), MCA, defines a teacher as:
“. . . any person, except a district superintendent, who holds a valid Montana teacher certificate that has been issued by the superintendent of public instruction under the provisions of this title and the policies adopted by the board of public education and who is employed by a district as a member of its instructional, supervisory, or administrative staff. . .”
We conclude that tenure acquired as a teacher applies to a subsequent administrative position. Section 20-1-101(20), MCA, clearly provides that a teacher and administrator are comparable positions for the purpose of acquiring tenure. If this were not so, an educator could lose tenure rights by accepting a promotion to an administrative position.
Sorlie contends that her tenure rights require the School District to reemploy her in the same capacity at the same salary. While the two positions involved here are comparable for purposes of acquiring tenure they are functionally dissimilar. However, we conclude that reassignment, without reduction in salary, for legitimate financial constraints, is justifiable and not contrary to tenure laws. In Brownsville Area School District v. Lucostic (Pa.1972), 6 Pa. Cmwlth. 587, 297 A.2d 516, two former administrators sued the school board for demotion in position and salary, alleging tenure violations. The Commonwealth Court of *29 Pennsylvania held that the action of the school board was proper and, through dicta, approved of demotion pursuant to legitimate program and administrative reorganization. See also, 78 C.J.S., Schools and School Districts, § 205 at 1101; Nagy v. Belle Vernon Area School Dist. (1980), 49 Pa.Cmwlth. 452, 412 A.2d 172; Black v. Bd. of School Directors (1979), 43 Pa.Cmwlth. 200, 401 A.2d 1251; McCartin v. School Committee of Lowell et al. (1948), 322 Mass. 624, 79 N.E.2d 192.
Local economies are constantly changing; therefore, a school board must have the requisite authority to manage the school district in a financially-responsible manner. This includes eliminating certain programs and activities, and thereby terminating or reassigning personnel.
A school board’s powers and duties are outlined in section 20-3-324, MCA. This section reads in part:
“As prescribed elsewhere in this title, the trustees of each district shall have the power and it shall be their duty to perform the following duties or acts:
“(1) employ or dismiss a teacher, principal, or other assistant upon the recommendation of the district superintendent, the county high school principal, or other principal as the board may deem necessary, accepting or rejecting such recommendation as the trustees shall in their sole discretion determine, in accordance with the provisions of Title 20, chapter 4;
“(2) employ and dismiss administrative personnel, clerks, secretaries, teacher aides, custodians, maintenance personnel, school bus drivers, food service personnel, nurses, and any other personnel deemed necessary to carry out the various services of the district;
“(8) adopt and adminster the annual budget or an emergency budget of the district in accordance with the provisions of the school budget system part of this title;
“(9) conduct the fiscal business of the district in accordance with the provisions of the school financial adminis *30 tration part of this title;”
Section 39-31-303, MCA, outlines the management rights of public employers. It reads in part:
“Public employees and their representatives shall recognize the prerogatives of public employers to operate and manage their affairs in such areas as, but not limited to:
“(1) direct employees;
“(2) hire, promote, transfer, assign, and retain employees;
“(3) relieve employees from duties because of lack of work or funds or under conditions where continuation of such work be inefficient and nonproductive;
“(4) maintain the efficiency of government operations;”
In the present case, it can be concluded that appellant was removed from her administrative position pursuant to the Board’s power to financially manage the School District. Further, reassignment was in accordance with section 39-31-303(2) and (3), MCA, cited above.
On the other hand, in Reiser v. State Bd. of Regents of Higher Education (1981), Mont., 630 P.2d 194, 38 St.Rep. 674, we held that a state university could not reduce a department director’s salary when, pursuant to administrative reorganization, the director was demoted to professor. Our decision was based upon the fact that the director was tenured under the university system and a chief goal of tenure is economic security. If tenure is achieved but salaries can be reduced, this goal means nothing. While tenure rights of primary educators and college professors stem from separate sources, their goals are identical. Thus, recognizing the objective of economic security, we conclude that Sorlie should maintain her administrator’s salary.
We also hold that if a position similar to that previously held by the reassigned educator is available after program reductions or changes it must be offered to that person.
On cross-appeal the School District contends that Sorlie is only entitled to the higher administrative salary for the 1980-81 school year as the scope of all proceedings covered *31 that year only.
We conclude that the higher administrative salary, plus increases, should be paid for all subsequent years Sorlie teaches. The tenure statute requires a tenured teacher to maintain the same salary year after year. We have held that Sorlie’s tenure as a teacher carried forward into her administrative position. Consequently, she was a tenured administrator and was entitled to the administrative salary, plus increases, for all years she continues to teach. See Reiser, supra.
The second issue raised by the School District is without merit and we do not discuss it here. The court was clearly correct in allowing the intervention.
Affirmed.
MR. JUSTICES HARRISON, SHEA, MORRISON, WEBER and GULBRANDSON concur.