No. 84-16

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

TIM J. MASSEY,

        Petitioner and Respondent,

  -vs-

ED ARGENBRIGHT, Superintendent
of Public Instruction, and
TRUSTEES OF CUSTER COUNTY
DISTRICT HIGH SCHOOL and MILES
CITY SCHOOL DISTRICT #1,

        Respondents and Appellants.

APPEAL FROM: District Court of the First Judicial District,
               In and for the County of Lewis & Clark,
               The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        John W. Larson argued for Superintendent of Public
        Instruction, Helena, Montana
        Brown & Huss; Bruce M. Brown argued for School Dist.
        #1, Miles City, Montana
        Richard Bartos, Office of Public Instruction, Helena,
        Montana

    For Respondent:

        Hilley & Loring; Emilie Loring argued, Great Falls,
        Montana

    For Amicus Curiae:

        Charles Erdmann argued for Montana School Boards Assoc.,
        Helena, Montana

Submitted: June 19, 1984

Decided: July 23, 1984

Filed: JUL 23 1984

*Ethel M. Harrison*
_____
             Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Tim Massey, a tenured teacher at Custer County High School, sought judicial review in the First Judicial District Court of a decision of the State Superintendent of Public Instruction, affirming his dismissal by the school district. The District Court reversed the State Superintendent and held for the tenured teacher. The State Superintendent and school district trustees appeal. We affirm the District Court.

The issue presented on appeal is whether a teacher acquires tenure in all areas in which he is certified, even though he has teaching experience within the district in only one certification area.

The parties stipulated to the following facts. Massey graduated from Dickinson State College in North Dakota in 1970 with a major in business education and a minor in physical education. He taught physical education at the high school and elementary level for one year in South Dakota before coming to Montana.

The Montana Office of Public Instruction has certified Massey with a secondary endorsement (for high school and middle school) to teach business education (with typing), physical education and health.

Massey was employed in 1975 to teach in the business education department at Custer County High School. He taught in that department for seven years. He did not teach physical education or health during that time.

All the teachers in the business education department at Custer County High School had tenure. A drop in student enrollment in that department resulted in a reduction in staff. Massey was timely notified that his teaching contract would not be renewed. Upon his request, reasons were supplied.

2

At the time the board of trustees terminated Massey's employment, the following non-tenured teachers were employed by the school district:

(1)  Female teaching physical education in the Custer County High School for one year.

(2)  Male teaching physical education in grades 7 and 8 for one year.

(3)  Female teaching elementary education in grades K through 6.  This teacher acquired tenure upon signing a contract for the 1982-83 school year.

These three teachers all had majored in physical education in college.  It is the policy of the board of trustees to attempt to hire teachers with a major in the field.

Massey contends that the school district's retention of a non-tenured teacher in a position that a tenured teacher is certified to teach is contrary to law.

The school district and State Superintendent of Public Instruction contend that Massey has not taught physical education since 1975; that all teachers presently employed have graduated with majors in P.E.; that only one female teacher is teaching physical education at the high school and that a female teacher is necessary in that position in order to maintain locker room discipline; that all P.E. teachers presently employed by the district have taught P.E. for at least one year and are familiar with the physical education department; and that teaching in the business education department and physical education department are not comparable positions.

The county superintendent affirmed the school district trustees' conclusion that the tenure rights of teachers are delimited by the position held under the last executed contract and the teacher's background and qualifications. The State Superintendent of Public Instruction affirmed the county superintendent, expressly holding that "for the

3

purposes of interpreting the comparable position requirement of Section 20-4-203, MCA, teaching experience is necessary." The absence of physical education teaching experience on the part of Massey was felt to be controlling.

The Superintendent of the Office of Public Instruction states that endorsement of areas of teacher certification is based solely on the teacher's college transcript. The State Superintendent points out that, under current certification standards, no additional or continuing education is required for a teacher to maintain certification in areas of secondary endorsement. He argues that certification was never intended by the Legislature to replace a local school district's evaluation of a teacher's actual teaching experience in that district.

The District Court decision pointed out that it is highly inconsistent for the State Superintendent to encourage certification to increase employability, then insist that certification does not mean a person is qualified to teach in the certified area. The District Court emphasized that a school district may not dismiss a tenured teacher and retain a non-tenured teacher in the same general area of competency. The District Court further pointed out that petitioner is qualified to teach physical education; there is nothing in the record to indicate he was in fact incompetent; and he was therefore dismissed without good cause while a non-tenured teacher was retained to fill a position for which he was qualified. Upon these grounds, the District Court reversed the decision of the State Superintendent. No remedy was ordered because neither the State nor County Superintendent had considered Massey's request for reinstatement and back pay.

4

From the court's order remanding the cause for a determination of appropriate remedies, the State Superintendent and School District Trustees appeal.

The pertinent statute is section 20-4-203, MCA, which in part provides:

> "Whenever a teacher has been elected by the offer and acceptance of a contract for the fourth consecutive year of employment by a district in a position requiring teacher certification . . . the teacher shall be deemed to be reelected from year to year thereafter <u>as a tenure teacher at the same salary and in the same or a comparable position of employment as that provided by the last executed contract</u> . . ." (emphasis added)

The essential question here is whether any of the positions held by non-tenured teachers in the district at the time the school board voted not to renew Massey's contract to teach in the business education department was a comparable position of employment which should have been offered to Massey.

This Court has held that "[a] teacher's tenure is a substantial, valuable and beneficial right, which cannot be taken away except for good cause." State v. District Court, Fergus County (1954), 128 Mont. 353, 361, 275 P.2d 209, 214. This tenure right must be balanced against the school board's "requisite authority to manage the school district in a financially-responsible manner. This includes eliminating certain programs and activities, and thereby terminating or reassigning personnel." Sorlie v. School Dist. No. 2 (Mont. 1983), 667 P.2d 400, 403, 40 St.Rep. 1070, 1074.

In _Sorlie_, a tenured elementary school teacher had accepted an administrative position as Coordinator of Intermediate Education. When a school mill levy failed the following year, she was reassigned from her position as administrator to teacher of a second grade class. This Court held that tenure rights acquired as a teacher applied to the subsequent administrative position; that for the purposes of

5

tenure the positions were comparable; and that the reassignment did not violate Mrs. Sorlie's tenure rights so long as she retained her administrator's salary after reassignment to the classroom.

> "While the two positions involved here [Coordinator of Intermediate Education and elementary school teacher] are comparable for purposes of acquiring tenure, they are functionally dissimilar. However, we conclude that reassignment, without reduction in salary, for legitimate financial constraints, is justifiable and not contrary to tenure laws." Sorlie, 667 P.2d at 403, 40 St.Rep. at 1074.

The fact that Mr. Massey was a tenured teacher, certified to teach in several areas of instruction, is not disputed. In this instance, the teaching positions for which Mr. Massey was certified by the Office of Public Instruction are comparable positions of employment under section 20-4-203, MCA. We hold that for the purposes of tenure teaching business education is comparable to teaching physical education.

As the District Court in this case correctly pointed out, the phrase "comparable position of employment" cannot be given a broad meaning when a school district wishes to reassign a tenured teacher to another position, as was done in Sorlie, and at the same time be construed narrowly when a district chooses to terminate a tenured teacher.

Because Mr. Massey was a tenured teacher, he was entitled under the tenure laws to a certain degree of employment and economic security, which non-tenured teachers do not enjoy. The school board's policy of hiring only those teachers who have majored in the subject does not supersede the Teacher Tenure Act.

We hold that the school board was obligated to offer Mr. Massey one of the comparable teaching positions held by non-tenured teachers. At this point, we need not address the

6

question of the power of a school board to reassign a tenured teacher, over his objection, to a different grade level teaching position for which he is certified. To the extent that Smith v. School Dist. No. 18 (1943), 115 Mont. 102, 139 P.2d 518, contradicts the holding in this case, it is expressly overruled.

We affirm the District Court and remand the cause for a determination of remedy and/or damages.

Justice

We concur:

Chief Justice

Justices

Mr. Justice L. C. Gulbrandson dissenting.

I respectfully dissent.

The majority opinion states: "We hold that for the purposes of tenure teaching business education is comparable to teaching physical education."

If the Montana education system contained only one-room school houses, staffed with renaissance personnel, I could, perhaps, accept that holding.

That situation fortunately has been replaced by a system which requires departmentalization not only by age, but by abilities and talents. Article X, Section 1 of the Montana Constitution declares our educational goals and duties by stating: "(1) It is the goal of the people to establish a system of education which will develop the full educational potential of each person. . . (3) The legislature shall provide a basic system of free quality public elementary and secondary schools. . . "

The board of trustees of each school district is specifically charged with carrying out the Constitutionally declared public policy.

It was clearly within the authority of the trustees of the Custer County District High School to set the qualification standards for employment as a teacher in the district, and the parties stipulated that it was the policy of the board to attempt to hire teachers with a major in the field to be filled. It is clear that the respondent would not have been hired as a physical education teacher by the district.

In my view, the majority, by elevating "certification" to the level of "tenure" has effectively removed a

8

substantial portion of the local trustees' authority to set qualification standards, and has transferred that authority to the State Superintendent of Public Instruction and the Board of Public Education.

In Smith v. School District 18 (1943), 115 Mont. 102, 112, 139 P.2d 518, the Montana Supreme Court quoted, with approval, the Supreme Court of the State of Minnesota, as follows:

> "A holding that a teacher tenure position extended to and included the right to teach any subject, major or minor, for which he held a certificate, regardless of whether he was employed or assigned to teach such subject, and that such right was equal to that of another teacher specially qualified to teach a subject and employed for that reason might be a 'consummation devoutly to be wished' by the teaching profession, but certainly not by a board desiring to improve the educational standards of its schools. It would complicate rather than simplify the administration of schools, and this to their definite disadvantage. The (certification) statutes referred to merely fix the qualifications for teaching 'positions' and do not make a teacher's 'qualifications' and his 'position' coextensive." State ex rel Ging v. Board of Education of City of Duluth (Minn. 1942), 7 N.W.2d 544, 561.

In State ex rel Ging, cited in the Smith decision, the Minnesota Supreme Court stated:

> "Clearly, the statute should receive a construction in harmony with its well understood purposes, yet not one so liberal as to result in subordinating the paramount rights and welfare of the public at large and of the school children to those of the individual teachers. The adoption of a liberal construction to combat the evils to which the law was directed does not permit a construction so benevolent toward teachers that, by eliminating one evil, we create another: that of transferring from the school boards, the duly elected representatives of the parents, taxpayers and other electors of the school district, to the teachers and the courts

9

the management, supervision, and control
of our school systems vested in such
boards by other statutes."

The Smith decision has guided school boards for more
than forty years and is now overruled by the majority without
discussion.

It is obvious that this opinion will cause a drastic
revision in the certification requirements or a definite
change in the teacher hiring process by local trustees.

Regarding the present certification process, a business
education teacher could retain his secondary endorsement in
physical education for an indefinite period of time without
ever taking additional physical education credits. The
majority has stated that business education and physical
education are comparable positions, and the result could be
that a physical education teacher of thirty years experience,
with a secondary certificate in business education but with
no additional credits in business education and never having
taught business education, could replace a non-tenured
teacher with a major in business education. Most trustees,
and many parents, would justifiably conclude that such a
preference could not result in quality education.

Regarding a possible change in hiring practices, the
Appellate Court of Illinois in Newman v. Bd. of Education of
Bluffs Community Unit School (1981), 424 N.E.2d 1331 at 1336,
made the following observation:

"When a local school board initially
hires a teacher for a particular
position, it has available his college
transcript and from it can determine
whether that person is academically
qualified to teach the courses that will
be assigned to him. It is a peculiar
anomaly of the system that the local
board may then be required, under the
Tenure Act, to allow that teacher to
teach other courses, for which the board

10

would never have hired him--in the first instance--because of his disastrous performance in his college courses in those subjects. As it stands, the system works to the disadvantage both of schools and of some prospective teachers, for it encourages local boards to look at an applicant's academic qualifications in areas for which he is not being hired. Thus, a person who is especially well qualified academically to fill a particular position might not be hired because of the local board's fear that some day it may be required to put him in a position which he would not be academically qualified to hold." (Emphasis added.)

In my view the District Court failed to properly consider the educational policies pronounced in the Constitution and by the legislature along with the management rights of local boards of trustees. I would reverse the order of the District Court and would reinstate the determination of the State Superintendent of Public Instruction and the Custer County Superintendent of Schools.

_____
Justice