No.   89-631

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990


G. NICK HOLMES,

        Plaintiff and Respondent,

    -vs-

BOARD OF TRUSTEES OF SCHOOL
DISTRICT NOS. 4, 47, and 2,
MADISON AND JEFFERSON COUNTIES,
and NANCY KEENAN, SUPERINTENDENT
OF PUBLIC INSTRUCTION,

        Defendants and Appellants.


APPEAL FROM:   District Court of the First Judicial District,
               In and for the County of Lewis and Clark,
               The Honorable Henry Loble Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Charles E. Erdmann, Erdmann Law Office, Helena,
            Montana
            Beda J. Lovitt, Office of Public Instruction,
            Helena, Montana

        For Respondent:

            Richard L. Parish, Harlan, Thompson & Parish, P.C.,
            Helena, Montana


                          Submitted on Briefs:  April 12, 1990

                                     Decided:  May 8, 1990

Filed:

                        _____
                                    Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This case presents an appeal from a decision of the First Judicial District, Lewis and Clark County, Montana, reversing a State Superintendent of Public Instruction's decision that respondent would not be allowed to "bump" a nontenured teacher. The District Court reinstated the County Superintendent's decision that did allow respondent to "bump" a nontenured teacher. We affirm.

Appellant raises essentially one issue for review:

Did the District Court abuse its discretion in reversing the State Superintendent of Public Instruction's decision.

Respondent Holmes was a high school principal who had been employed by appellant school district in that capacity for seven years. Prior to becoming a principal, Holmes had over fourteen years of classroom teaching experience. On March 5, 1986, the school board voted to eliminate the position of high school principal and combine that position with that of the district superintendent. This decision was a reduction in force (RIF) based on declining enrollment and economic considerations. The school board duly gave Holmes notice of the decision and advised him of his right to request a hearing, which he did.

The school board held the hearing on March 24, 1986. During the hearing, the board passed the following two motions:

> 1. . . . We accept the superintendent's
> recommendation that Mr. Holmes' contract be

terminated at the end of the 1985-86 contract due to elimination of the high school principal position which was based on declining enrollment and administrative reorganization.

2. . . . If Mr. Holmes is able to provide evidence by April 11, 1986, of endorsements in positions where the District currently has non-tenured teachers, that Mr. Holmes be allowed to "bump" into the position, pursuant to the Sorlie case and continue his status as a tenured teacher.

No further communication occurred between Holmes and the school board between the March 24, 1986 meeting and the April 2, 1986 meeting. At the April 2, 1986 meeting, the school board passed the following motion:

[T]hat we rescind the motion that we, that was carried, on March 24, that stated that if Mr. Holmes was able to provide evidence by April 11, 1986, of endorsements in positions where the District currently has non-tenured teachers, that Mr. Holmes will be allowed to "bump" into that position pursuant to the Sorlie case and continue his status as a tenured teacher.

The school board gave Holmes no notice that this action would be taken at the April 2, 1986 meeting.

At the time of the March 24, 1986 meeting, Holmes possessed all necessary qualifications for certification as a teacher in areas where nontenured teachers held positions. The Office of Public Instruction (OPI) issued Holmes' certificate with the necessary endorsements on April 10, 1986.

Holmes appealed the school board's decision to terminate his services. Relying on Massey v. Argenbright (1984), 211 Mont. 331,

3

683 P.2d 1332, the Lewis and Clark County Superintendent of Schools reversed the decision of the school board and ordered Holmes reinstated with back pay and benefits. The school board appealed the County Superintendent's decision to the State Superintendent of Public Instruction. Disagreeing with the County Superintendent's interpretation of Massey, the State Superintendent reversed that decision and reinstated the school board's decision. Holmes appealed the State Superintendent's decision to the District Court. The District Court reversed the State Superintendent's position holding that the State Superintendent has misinterpreted Massey. Further, the District Court held that the school board violated Holmes' due process rights during the April 2, 1986 meeting when it rescinded its earlier motion allowing Holmes to "bump" a nontenured teacher if he provided proper endorsements by April 11, 1986. The school board's appeal followed.

The Montana Administrative Procedures Act (MAPA) applies to this case. Appellant argues that the District Court erred in the legal conclusions it drew when it applied Massey to this case. In contested cases under MAPA, conclusions of law are subject to an "abuse of discretion" standard of review. Harris v. Bauer (1988), 230 Mont. 207, 212, 749 P.2d 1068, 1071. The broader "abuse of discretion" standard of review applies to conclusions of law in recognition of "the court's expertise in interpreting and applying the law." Harris, 749 P.2d at 1071, quoting City of Billings v. Billings Firefighters (1982), 200 Mont. 421, 430, 651 P.2d 627,

4

632.

Both parties agree that the resolution of this case rests on the interpretation of Massey. In Massey, a school board terminated Massey, a tenured teacher, due to a reduction in force, even though he was qualified to teach in subject areas where nontenured teachers held positions. The school board argued that it only hired teachers who had majored in the subject areas in college. Since Massey had neither majored in any of the subject areas nor taught them previously, the school board decided that he should be terminated. Massey countered that his certification embraced the available subjects and that certification alone should establish his qualifications.

In affirming the District Court's decision in Massey's favor, this Court emphasized the rights conferred on tenured teachers by the Teacher Tenure Act, § 20-4-203, MCA. We stated:

> Because Mr. Massey was a tenured teacher, he was entitled under the tenure laws to a certain degree of employment and economic security, which non-tenured teachers do not enjoy.

Massey, 683 P.2d at 1335. Accordingly, we held that under § 20-4-203, MCA, "the school board was obligated to offer Mr. Massey one of the comparable teaching positions held by non-tenured teachers." Massey, 683 P.2d at 1335.

Appellant argues that the Massey rationale did not obligate the Board to offer Holmes a teaching position because, in contrast to Massey, Holmes did not hold any teaching endorsements at the

5

time of his termination. Under the appellant's and State Superintendent's reasoning, Massey's actual possession of the OPI certificate becomes the critical element of the Massey decision. Thus, even though Holmes possessed the proper qualifications, he could not take advantage of his tenure rights because he did not have the necessary paperwork completed at the moment he was terminated. We disagree.

Contrary to appellant's contention, the cornerstone of the Massey decision was Massey's tenure and the protection to which the Teachers Tenure Act entitled him. In Massey, we emphasized that "'[a] teacher's tenure is a substantial, valuable and beneficial right, which cannot be taken away except for good cause.'" Massey, 683 P.2d at 1334, quoting State v. Dist. Court, Fergus County (1954), 128 Mont. 353, 361, 275 P.2d 209, 214. Thus, Massey's tenure coupled with his qualifications to teach in subject areas where nontenured teachers held positions spawned the Massey decision. Massey's possession the OPI certification paper was not crucial because as Massey was a teacher, not an administrator, he necessarily had OPI teaching certification.

Similar to Massey, Holmes possessed both tenure and the qualifications to teach in subject areas where nontenured teachers held positions. Thus, applying the Massey decision, we hold that when the school board eliminated Mr. Holmes' position, § 20-4-203, MCA, obligated it to offer Holmes a comparable teaching position held by a nontenured teacher. The OPI's issuance of the

6

certificate showing Holmes' endorsements only memorialized the qualifications Holmes was known to possess. Holmes would have met the school board's April 11 deadline because the OPI issued the certificate on April 10. To hold otherwise, elevates form over substance.

Appellant argues that it is significant in terms of Holmes' tenure that it terminated Holmes as principal in one motion and then allowed him to "bump" a nontenured teacher in a second motion. This contention has no merit because logically the board had to terminate Holmes as a principal before it could recognize Holmes' tenure rights by allowing him to "bump" a nontenured teacher. The number of motions the board utilized in its decision process does not affect Holmes' substantive tenure rights nor the board's obligation to honor those rights under § 20-4-203, MCA.

In summary, then, § 20-4-203, MCA, and the Massey decision compelled the board to allow Holmes to "bump" a nontenured teacher provided he met their deadline, which he would have. Holmes left the March 24 meeting with his tenure rights intact. The due process clause of both the federal and Montana Constitutions protects a tenured teacher's interest in continued employment. See, Bd. of Trustees v. Super. of Pub. Inst. (1976), 171 Mont. 323, 557 P.2d 1048. When, on April 2 the board rescinded its decision to allow Holmes to "bump" without prior notice to Holmes, the board unquestionably deprived Holmes of his interest in continued employment without due process of law.

7

From the foregoing, it is clear that the District Court correctly applied Massey. Further, the District Court correctly determined that appellant violated Holmes' due process rights during the April 2 meeting. We hold that the District Court did not abuse its discretion in reversing the State Superintendent of Public Instruction and in reinstating the County Superintendent's decision.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices